# MATTER OF GABRYELSKY

## In Deportation Proceedings

### A-13960837

### *Decided by Board November 3, 1993*

(1) A waiver under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (Supp. IV 1992), may be used in conjunction with an application for adjustment of status by an alien who is deportable for both drug and weapons offenses; thus a lawful permanent resident alien who has been convicted of a weapons violation is not ineligible to apply for adjustment of status and may concurrently apply for section 212(c) relief to waive his deportability arising from his drug conviction.

(2) Under the regulations at 8 C.F.R. § 245.1(e) (1993), an alien may concurrently apply for adjustment of status and section 212(c) relief.

(3) An applicant for adjustment of status is not precluded from concurrently applying for a waiver of inadmissibility under section 212(c) of the Act to waive another deportable offense, even though section 212(c) of the Act would not separately and independently waive all grounds of deportability.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2)(B)(i) [8 U.S.C. § 1251(a)(2)(B)(i)]—Convicted of controlled substance violation

Sec. 241(a)(2)(C) [8 U.S.C. § 1251(a)(2)(C)]—Convicted of firearms violation

ON BEHALF OF RESPONDENT:
Ramsey Clark, Esquire
Lawrence W. Schilling, Esquire
36 East 12th Street
New York, New York 10003

ON BEHALF OF SERVICE:
David M. Dixon
Appellate Counsel

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

The respondent has appealed from the decision of the immigration judge dated February 5, 1993, finding the respondent deportable as charged, denying his requests for adjustment of status under section 245(a) of the Immigration and Nationality Act, 8 U.S.C. § 1255(a) (1988), and a waiver of inadmissibility under section 212(c) of the Act,

8 U.S.C. § 1182(c) (Supp. IV 1992), and ordering him deported from the United States. The appeal will be sustained.

The respondent is a native and citizen of Poland,[1] who was admitted to the United States at New York, New York, on December 20, 1965, as a refugee when he was 14 years old. His status was adjusted to that of a lawful permanent resident on March 26, 1968. On November 14, 1988, he was convicted in the Superior Court of California, Tehama County, of possession of a firearm, a machine gun, and possession of a silencer in violation of sections 12220, 12500, and 12520 of the California Penal Code. Also on that date and in that court, the respondent was convicted of the offense of manufacture of a controlled substance, methamphetamine, in violation of section 11379.6 of the California Health and Safety Code. Although he was sentenced to 5 years of imprisonment for the controlled substance violation and 8 months each for the weapons violations, the respondent served less than 5 years of imprisonment for his convictions. In addition, the respondent indicated in his application for adjustment of status that he was also convicted of malicious mischief, and of driving under the influence on two occasions.

At his hearing before the immigration judge, the respondent requested the opportunity to apply for adjustment of status under section 245 of the Act in conjunction with a waiver of inadmissibility under section 212(c) of the Act. The immigration judge denied his requests, reasoning that the respondent was not separately eligible for adjustment of status and section 212(c) relief, and he could not "bootstrap" eligibility from one form of relief to the other. On appeal, the respondent argues that the immigration judge erred by denying his request for adjustment of status in conjunction with the application for section 212(c) relief. The respondent claims the immigration judge improperly determined that he was statutorily ineligible for adjustment of status and section 212(c) relief.

Based on the respondent's admissions at his hearing and the records pertaining to his convictions that were presented by the Service, we agree that deportability has been established by the clear, unequivocal, and convincing evidence required by *Woodby v. INS*, 276 U.S. 385 (1966), and 8 C.F.R. § 242.14(a) (1993) to support the order of deportation.

We reject the respondent's claim that the immigration judge erred in ordering him deported while his petition for habeas corpus is pending in the United States District Court for the Eastern District of California. The fact that the respondent may be attempting to

---

[1] The respondent claims his citizenship was revoked by the Polish Government after his parents escaped from that country in 1963.

collaterally attack his convictions does not affect his present deportability. *See generally Matter of Khalik,* 17 I&N Dec. 518 (BIA 1980); *Matter of Fortis,* 14 I&N Dec. 576 (BIA 1974); *Matter of Sirhan,* 13 I&N Dec. 592 (BIA 1970). An alien cannot collaterally attack the legitimacy of a criminal conviction in a deportation or exclusion proceeding. *See Trench v. INS,* 783 F.2d 181 (10th Cir. 1986); *Zinnanti v. INS,* 651 F.2d 420 (5th Cir. 1981). The pendency of post-conviction motions or other forms of collateral attack, not constituting direct appeals, do not serve to negate the finality of the conviction or the charge of deportability, unless and until the conviction has been overturned pursuant to such a motion. *Okabe v. INS,* 671 F.2d 863 (5th Cir. 1982); *Aguilera-Enriquez v. INS,* 516 F.2d 565 (6th Cir. 1975), *cert. denied,* 423 U.S. 1050 (1976). We therefore conclude that the respondent's convictions are final and fully sustain the charges of deportability.

We find merit however to the respondent's assertion that the immigration judge erred in finding the respondent ineligible for adjustment of status and in concluding he could not combine the remedies of adjustment of status and section 212(c) of the Act. The respondent should have been allowed to apply for adjustment of status under section 245(a) of the Act, since he is statutorily eligible for that relief.[2] Section 245(a) of the Act provides for the adjustment of status, in the discretion of the Attorney General, of an alien who was inspected and admitted or paroled into the United States if: (1) the alien makes an application for adjustment, (2) an immigrant visa is immediately available to him at the time his application is filed, and (3) the alien is eligible to receive an immigrant visa and is admissible for permanent residence.

The record reflects that the respondent was admitted to this country in 1965, and with respect to the first prerequisite, he has submitted an Application for Permanent Residence (Form I-485). Concerning the second requirement, the respondent's evidence, i.e., his Petition to Classify Status of Alien for Issuance of Immigrant Visa (Form I-130) and Application for Advance Permission to Return to Unrelinquished Domicile (Form I-191), indicate that he is the unmarried son of a United States citizen. He thus falls within the first-preference family visa category. *See* section 203(a)(1) of the Act, 8 U.S.C. § 1153(a)(1) (Supp. IV 1992). A visa petition filed on his behalf has been approved, and an immigrant visa would be immediately available to him, since first-preference visa numbers are now current. *See* Department of

---

[2] The fact that the respondent has been a lawful permanent resident does not preclude him from applying for adjustment of status. *See Tibke v. INS,* 335 F.2d 42 (2d Cir. 1964); *Matter of Parodi,* 17 I&N Dec. 608, 611 (BIA 1980).

State Visa Bulletin, Vol. VII, No. 26 (Aug. 1993); *see also Matter of Rainford*, 20 I&N Dec. 598. (BIA 1992).

In regard to the third statutory requirement, we point out that while the respondent's conviction for possession of a firearm establishes his deportability under section 241(a)(2)(C) of the Act, *see Matter of Chow*, 20 I&N Dec. 647 (BIA 1993), *aff'd*, 12 F.3d 34 (5th Cir. 1993), it does not render him inadmissible for purposes of section 245 adjustment, as there is no corresponding exclusion ground. In *Matter of Rainford, supra*, the Board specifically held that a conviction for criminal possession of a weapon did not preclude a finding of admissibility in connection with an application for adjustment of status under section 245 of the Act, because it is not a ground of excludability. Further, although the respondent's controlled substance conviction does render him inadmissible under section 212(a)(2)(A)(i)(II) of the Act, he may utilize section 212(c) of the Act for the limited purpose of waiving this ground. *See generally Matter of Hernandez-Casillas*, 20 I&N Dec. 262, at 284 n. 6 (BIA 1990; A.G. 1991), *aff'd*, 983 F.2d 231 (5th Cir. 1993).

Section 212(c) of the Act provides that aliens lawfully admitted for permanent residence who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of 7 consecutive years, may be admitted in the discretion of the Attorney General without regard to certain specified grounds of exclusion enumerated in section 212(a) of the Act. The respondent is statutorily eligible to apply for this waiver insofar as he is a lawful permanent resident who apparently has maintained a lawful unrelinquished domicile in this country for 7 consecutive years. *See* section 212(c) of th Act; *Matter of Edwards*, 20 I&N Dec. 191, 194-95 (BIA 1990).

Although the statute describes a waiver under section 212(c) of the Act which is available to aliens seeking to eliminate a ground of inadmissibility upon application to enter the United States, it has been interpreted to include availability for relief in deportation proceedings as well where the alien has not departed from the United States subsequent to the acts that rendered him excludable. *See Francis v. INS*, 532 F.2d 268 (2d Cir. 1976); *Matter of Granados*, 16 I&N Dec. 726 (BIA 1979), *aff'd*, 624 F.2d 191 (9th Cir. 1980); *Matter of Hom*, 16 I&N Dec. 112 (BIA 1977), *modified, Matter of Wadud*, 19 I&N Dec. 182 (BIA 1984); *Matter of Silva*, 16 I&N Dec. 26 (BIA 1976); *see also Matter of Hernandez-Casillas, supra*.

The immigration judge properly determined that the respondent could not use section 212(c) of the Act to waive deportability for his firearms conviction. An alien deportable on the basis of a firearms conviction is ineligible for relief under section 212(c) because there is

no exclusion ground corresponding to the deportation ground for conviction of a firearms offense. *See Matter of Chow, supra; Matter of Hernandez-Casillas, supra; Matter of Granados, supra. But see Bedoya-Valencia v. INS,* 6 F.3d 891 (2d Cir. 1993) (extending *Francis* rule to entry without inspection charge where there could not conceivably be an analogous ground of exclusion, and allowing application for section 212(c) relief). We reject the respondent's claim that his weapons conviction could be a constituent of a section 212(a)(2)(B) ground of excludability (multiple criminal convictions) when combined with his convictions for manufacture of a controlled substance and malicious mischief, which could be waived by section 212(c). In *Matter of Montenegro,* 20 I&N Dec. 603 (BIA 1992), this Board followed the holdings of *Matter of Wadud, supra,* and *Matter of Granados, supra,* and rejected the expansion of section 212(c) to include cases where the ground of deportability charged is not also a ground of inadmissibility, even where the alien's conviction would also cause him to be excludable for having been convicted of a crime involving moral turpitude under section 212(a)(2)(A)(i)(I) of the Act.

We find support, however, in the federal regulations for the respondent's use of section 212(c) of the Act in conjunction with his application for adjustment of status. The regulations at 8 C.F.R. § 242.17(a) (1993), pertaining to the creation of the status of an alien lawfully admitted for permanent residence under sections 244(a), 245, or 249 of the Act, 8 U.S.C. §§ 1254(a), 1255, 1259 (1988 & Supp. IV 1992), provide in pertinent part:

> In conjunction with any application for creation of status of an alien lawfully admitted for permanent residence made to an immigration judge, if the respondent is inadmissible under any provision of section 212(a) of the Act and believes he meets the eligibility requirements for a waiver of the ground of inadmissibility, he may apply to the immigration judge for such waiver.

We specifically note that an alien may apply for both adjustment of status and section 212(c) relief. The regulations at 8 C.F.R. § 245.1(e) (1993) provide:

> *Concurrent applications to overcome exclusionary grounds.* Except as provided in parts 235 and 249 of this chapter, an application under this part shall be the sole method of requesting the exercise of discretion under section 212(g), (h), (i), and (k) of the Act, as they relate to the excludability of an alien in the United States. *Any applicant for adjustment under this part may also apply for the benefits of section 212(c) of the Act,* for permission to reapply after deportation or removal under section 212(a)(17) of the Act, and for the benefits of section 212(a)(28)(I)(ii) of the Act. No fee is required for filing an application to overcome the exclusionary grounds of the Act if filed concurrently with an application for adjustment of status under the provisions of the Act of October 28, 1977, and of this part. (Second emphasis added.)

This regulation, allowing requests for discretionary waivers of inadmissibility under sections 212(g), (h), and (i) of the Act by aliens

in the United States, was first promulgated by the Commissioner of the Immigration and Naturalization Service as 8 C.F.R. § 245.1(f) in 30 Fed. Reg. 14,778 (1965), and it was amended at 31 Fed. Reg. 535 (1966). Paragraph (f) of 8 C.F.R. § 245.1 was amended at 31 Fed. Reg. 2373 (1966), and the "Concurrent applications to overcome exclusionary grounds" heading and the sentence providing, "Any applicant for adjustment under this part may also apply for the benefits of section 212(c) of the Act and for permission to reapply after deportation or removal," were added. The regulation was also amended at 32 Fed. Reg. 9632 (1967) (adding benefits under section 212(a)(28)), and at 43 Fed. Reg. 18,644 (1978) (adding last sentence pertaining to fee). In 1982, it was redesignated as 8 C.F.R. § 245.1(d) at 47 Fed. Reg. 12,133 (1982) and revised at 47 Fed. Reg. 44,237 (1982). In 1987, it was redesignated in its current form at 8 C.F.R. § 245.1(e). *See* 52 Fed. Reg. 6321 (1987).

Under the provisions of 8 C.F.R. § 245.1(e) (1993), there is no requirement that section 212(c) of the Act separately and independently waive all grounds of deportability in order for an applicant for adjustment of status to concurrently apply for relief under sections 245 and 212(c), as argued by the Service.[3] Indeed, such a reading would render the regulation at 8 C.F.R. § 245.1(e) (1993) meaningless, for there would be no need to concurrently apply for adjustment of status to overcome exclusionary grounds if a section 212(c) waiver would independently waive all grounds of inadmissibility. We note that in *Matter of Hernandez-Casillas, supra,* the Attorney General concluded that although a lawful permanent resident deportable for entering the United States without inspection is ineligible for section 212(c) relief, discretionary relief under section 212(c) is otherwise available in deportation proceedings where the alien requests adjustment of status under section 245 of the Act. *Id.* at 32 n.6, 47 n.16. Citing *Matter of Smith,* 11 I&N Dec. 325 (BIA 1965), the Attorney General indicated that if the ground of deportation had been other than illegal entry, a

---

[3] We do not consider the instant case to be analogous to *Matter of Roman,* 19 I&N Dec. 855 (BIA 1988). In *Matter of Roman,* we found the respondent could not establish combined eligibility for nunc pro tunc permission to reapply for admission and a waiver of inadmissibility pursuant to section 241(f) of the Act, where she was not separately eligible for either form of relief. The alien could not "bootstrap" eligibility from one waiver to the other since she would not be eligible for either form of relief without the other waiver having first been granted. In the instant case, the respondent does not need to have his status adjusted to that of a lawful permanent resident before he is eligible to apply for a waiver under section 212(c) of the Act; he is already a lawful permanent resident. In the adjustment of status context, a respondent can apply for several waivers, such as under sections 212(c), (g), (h), and (i) of the Act, in conjunction with his application for adjustment of status. *See* 8 C.F.R. § 245.1(e) (1993).

remand might have been necessary to permit the respondent to seek adjustment of status under section 245 of the Act. *Id.* at 47 n.16.[4]

While we note that the regulation now at 8 C.F.R. § 245.1(e) (1993) was promulgated before *Francis v. INS, supra,* (expanding section 212(c) relief to deportable aliens who have not temporarily departed from the United States), and *Matter of Silva, supra,* we are not persuaded by the Service's contention that these cases have mooted the applicability of this regulation and *Matter of Smith, supra.* There is no basis to ignore this regulation on the Service's theory that it is moot. It is a valid, properly promulgated, currently applicable regulation and cannot simply be disregarded.

We note that the respondent is not ineligible for adjustment of status as a result of the weapons offense, and he would not be deportable as a result of the conviction if his status is adjusted to that of a lawful permanent resident. *See Matter of Rainford, supra.* In *Matter of Rainford* we rejected the futility doctrine described in *Matter of V-,* 1 I&N Dec. 293 (BIA 1942), (that it would be futile to admit someone only to have him immediately become subject to deportation) in the adjustment of status context. Thus, we held that the alien's conviction for criminal possession of a weapon did not bar him from adjustment of status, and that he would no longer be deportable on the basis of his conviction if granted adjustment of status to that of a lawful permanent resident. Consequently, we conclude that on the basis of the regulation at 8 C.F.R. § 245.1(e) (1993), the respondent in the instant case is eligible to apply for section 212(c) relief in conjunction with adjustment of status, notwithstanding his weapons convictions.

Having found that the respondent is admissible to the United States and therefore eligible to apply for adjustment of status, as well as for section 212(c) relief, we will remand the case to the immigration judge to allow the respondent to present his applications for relief.[5] We note that to be granted adjustment of status and section 212(c) relief, the respondent will also have to show the immigration judge that he merits

---

[4] In *Matter of K-L-,* 20 I&N Dec. 654 (BIA 1993), *aff'd,* 12 F.3d 1102 (8th Cir. 1993), the Board noted that the respondent, who claimed eligibility for adjustment of status under section 245 of the Act, was not precluded from applying for that relief because of his firearms violation, but because he did not present evidence of an approved visa petition. We indicated that his inadmissibility as a drug trafficker under section 212(a)(2)(C) of the Act could not be waived under section 212(h), so he was ineligible for relief. By contrast, in the instant case the respondent is a lawful permanent resident who can use section 212(c) of the Act to waive his inadmissibility under section 212(a)(2)(A)(i)(II).

[5] In light of our determination in this case, we need not address the other issues raised by the respondent on appeal.

the granting of relief in the exercise of discretion. Finally, visa numbers for first-preference classification will still need to be current.

**ORDER:** The appeal is sustained and the record is remanded to the immigration judge for further proceedings in accordance with the foregoing opinion and for entry of a new decision.