# In re Jesus RODARTE-Espinoza, Respondent

### File A37 733 276 - El Centro

### *Decided December 4, 1995*

### U.S. Department of Justice
### Executive Office for Immigration Review
### Board of Immigration Appeals

(1) The regulations at 8 C.F.R. § 245.1(f) (1995) permit concurrent applications for relief under sections 212(c) and 245 of the Immigration and Nationality Act, 8 U.S.C. §§ 1182(c) and 1255 (1994). *Matter of Gabryelsky*, 20 I&N Dec. 750 (BIA 1993), clarified.

(2) The regulation applies where the respondent is seeking further consideration of his section 212(c) application, as well as where initial consideration of the application is sought.

(3) Reopening to allow the respondent to apply for section 212(c) and section 245 relief is granted where the respondent last appeared before an Immigration Judge in 1990, and since that time has married a United States citizen, had two citizen children, worked steadily, and maintained a clean record.

FOR RESPONDENT: Mathew L. Millen, Esquire, Los Angeles, California

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Wayne P. Cantero, General Attorney

BEFORE: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, COLE, ROSENBERG, MATHON, and GUENDELSBERGER, Board Members

DUNNE, Vice Chairman:

This case was last before us on June 15, 1994, when we affirmed the oral decision of an Immigration Judge dated December 5, 1990. In his decision, the Immigration Judge found the respondent deportable as charged under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(11) (1988); denied his application for a waiver of inadmissibility under section 212(c) of the Act, 8 U.S.C. § 1182(c) (1988); and ordered him deported from the United States to Mexico.

The respondent has now filed a motion to reopen. In his motion, the respondent indicates that he wishes to have his proceedings reopened and his case remanded to the Immigration Judge so that he may apply for adjustment of status under section 245 of the Act, 8 U.S.C. § 1255 (1994). The respondent is now the beneficiary of an approved immediate relative visa petition

filed by his United States citizen wife. The respondent states that he intends to reapply for a section 212(c) waiver in conjunction with his adjustment of status application, pursuant to *Matter of Gabryelsky*, 20 I&N Dec. 750 (BIA 1993).

The Immigration and Naturalization Service opposes the motion to reopen.

The respondent's motion will be granted and the case will be remanded to the Immigration Judge for a hearing on the respondent's applications for adjustment of status and for a section 212(c) waiver.

The respondent last appeared before an Immigration Judge in 1990. At that time, the Immigration Judge denied the respondent's application for a section 212(c) waiver in the exercise of discretion, a decision which this Board subsequently upheld. In our prior decision, we found that under *Matter of Buscemi*, 19 I&N Dec. 628 (BIA 1988), the respondent was required to show that he had unusual or outstanding equities in order to possibly overcome the adverse factors of record. We concluded that he had not shown such equities.

Since the time of his last hearing, the respondent has married a United States citizen. As indicated above, an immediate relative visa petition filed on his behalf has been approved. A child was born to the respondent and his wife on July 23, 1993, and another child was expected at the end of July 1995. The respondent has four lawful permanent resident siblings. In addition, the respondent successfully completed his period of probation on March 24, 1992, and on March 14, 1995, a certificate of rehabilitation was issued by a judge of the Superior Court of the State of California. Letters submitted with the motion to reopen indicate that the respondent has been steadily employed for a number of years and is the sole support of his family.

In its opposition to the motion, the Service does not address the issue of whether the requirements of *Matter of Buscemi, supra*, have now been satisfied. We find that the strong family ties the respondent now has in this country, as well as his long residence here (the respondent became a lawful permanent resident in 1982, but apparently came here as a teenager and lived with his brothers for some years prior to that) constitute the unusual or outstanding equities necessary in this case.

In opposing reopening the Service argues first that our decision in *Matter of Gabryelsky, supra,* does not permit the respondent in this case to apply concurrently for relief under sections 212(c) and 245. In *Gabryelsky*, the respondent had been charged with deportability on two grounds, as an alien convicted of a firearms violation under section 241(a)(2)(C) of the Act, 8 U.S.C. § 1251(a)(2)(C) (Supp. V 1993), and as one convicted of a controlled substance violation under section 241(a)(2)(B)(i) of the Act. We held that even though the firearms conviction could not be waived under section 212(c), the respondent could apply for that relief in conjunction with his adjustment application, since he was also deportable for his drug conviction,

which was waivable. However, the Service argues that *Gabryelsky* should not apply to this case because the respondent here has already applied for and been denied section 212(c) relief.

We disagree with the Service position. As noted in *Matter of Gabryelsky*, *supra*, the regulations (currently at 8 C.F.R. § 245.1(f) (1995)) permit concurrent applications for section 212(c) and section 245 relief. We find nothing in the regulations or elsewhere which would limit the application of 8 C.F.R. § 245.1(f) in the manner urged by the Service. The fact that the respondent is now seeking further consideration of his section 212(c) application, as opposed to initial consideration of that application, does not mean that 8 C.F.R. § 245.1(f) does not apply.

The Service next argues that reopening should be denied because there is little likelihood that the respondent will succeed on the merits of his applications, and because there is insufficient new, previously unavailable, and material evidence presented in support of the motion. Alternatively, it is argued that reopening, and the underlying relief sought, should in any event be denied on discretionary grounds even if all the requirements for reopening are met.

As we indicated above, much has happened to the respondent since 1990. He has acquired substantial equities in the form of a citizen wife and citizen children. He has offered additional evidence of rehabilitation, including the facts that he has apparently kept a clean record since his last conviction, which occurred in March of 1989, and he has worked steadily to support himself and his family. Evidence has been submitted in support of the motion which addresses the potential hardship that could befall the respondent's family upon his deportation. Given all these considerations, we find that the result in this case may well be changed upon reopening. *See Matter of Coelho*, 20 I&N Dec. 464 (BIA 1992). We further find that the new equities presented, including the 5 years since his last hearing, fulfill the new evidence requirement for reopening. Moreover, we find no sufficient basis for denying reopening in the exercise of discretion.

Finally, the Service argues, citing *Avila-Murrieta v. INS*, 762 F.2d 733 (9th Cir. 1985), that the respondent is no longer eligible for section 212(c) relief because his lawful domicile terminated when we issued our administratively final order of deportation. This is a misreading of the applicable law in the Ninth Circuit, where this case arises. Since the respondent acquired the 7 years lawful unrelinquished domicile required for section 212(c) relief prior to our order, he may seek to reopen his proceedings to apply or reapply for that relief. *See Foroughi v. INS*, 60 F.3d 570 (9th Cir. 1995); *Butros v. INS*, 990 F.2d 1142 (9th Cir. 1993).

For these reasons, we will grant the respondent's motion.

**ORDER:** The motion to reopen is granted, the proceedings are reopened, and the record is remanded to the Immigration Judge for further proceedings consistent with the foregoing decision.

Board Member Lauri S. Filppu did not participate in the decision in this case.