**Khalid NOUIDER, Petitioner,**

v.

**Michael CHERTOFF,\* Secretary, Department of Homeland Security, Michael J. Garcia, Assistant Secretary, United States Immigration and Customs Enforcement, John P. Carbone, Interim Field Office Director of New York City, U.S. Immigration and Customs Enforcement, Department of Homeland Security, United States Immigration and Customs Enforcement, Respondents.**

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Secretary of the Department of Homeland Security Michael Chertoff is automatically substituted for former Secretary Thomas Ridge as a respondent in this case

No. 05–5519–ag.

United States Court of Appeals, Second Circuit.

June 15, 2007.

Matthew L. Guadagno (Amanda E. Gray, Kerry W. Bretz, Jules E. Coven, on the brief), Bretz & Coven LLP, New York, NY, for Petitioner.

Dione M. Enea, Special Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Scott Dunn, Assistant United States Attorney, on the brief), Brooklyn, NY, for Respondent.

Present: JOSEPH M. McLAUGHLIN, ROSEMARY S. POOLER, and J. CLIFFORD WALLACE,** Circuit Judges.

### SUMMARY ORDER

Petitioner Khalid Nouider seeks review of the July 9, 2003, decision of the Board of Immigration Appeals ("BIA") affirming the March 27, 2002, decision of Immigration Judge ("IJ") Alan Page finding Nouider ineligible for a waiver of inadmissibility under former Section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (repealed 1996), or cancellation of removal under Section 240A(a) of the INA, 8 U.S.C. § 1229(a). *See In re Nouider*, No. A 29 781 240 (B.I.A. July 9, 2003), *aff'g* No. A 29 781 240 (Immig. Ct. N.Y. City Mar. 27, 2002). Nouider also seeks review of January 14, 2004, decision of the BIA denying his motion to reopen his proceedings in order to seek a waiver under Section 212(h) of the INA, 8 U.S.C.§ 1182(h) based on his marriage to a United States citizen. *See In re Nouider*, No. A 29 781 240 (B.I.A. Jan. 14, 2003).

▇▇▇▇ The BIA properly rejected Nouider's claim that by combining Section 212(c) relief with Section 240A(a) relief he could overcome the aggravated felony bar to Section 240A(a) relief.[1] As we recently

---

** The Honorable J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

1. We reject the government's argument that we owe *Chevron* deference to the BIA's decision. *See Rotimi v. Gonzales*, 473 F.3d 55, 56 (2d Cir.2007) ("[A] nonprecedential decision

held in *Peralta–Taveras v. Gonzales,* 488 F.3d 580, 584–85 (2d Cir.2007), "regardless of the availability of a § 212(c) waiver, [petitioner's] 1996 aggravated felony convictions remain and preclude his application for cancellation of removal under § 240A(a)." The same is true with respect to Nouider's attempt to combine Section 212(c) relief with Section 212(h) relief. Even if Nouider were able to waive the inadmissibility finding with respect to his 1994 aggravated felony conviction, that conviction would remain and render Nouider ineligible for either Section 212(h) or Section 240A(a) relief. Nouider's contention that the BIA's decisions here conflict with its decision in *Matter of Gabryelsky,* 20 I. & N. Dec. 750 (B.I.A.1993) is incorrect. *See Peralta–Taveras,* 488 F.3d at 585. Accordingly, the petition for review is denied.

by a single member of the BIA should not be accorded *Chevron* deference.").