Rodolfo Fernando SOSA, Petitioner,

v.

Michael **CHERTOFF**, Secretary, Department of Homeland Security, Michael J. Garcia, Assistant Secretary, United States Immigration and Cus-

toms Enforcement, Department of Homeland Security, United States Immigration and Customs Enforcement, Respondents.

No. 05–5035–ag.

United States Court of Appeals, Second Circuit.

June 15, 2007.

Matthew L. Guadagno (Amanda E. Gray, Kerry W. Bretz, Jules E. Coven, on the brief), Bretz & Coven LLP, New York, NY, for Petitioner.

Dione M. Enea, Special Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Scott Dunn, Assistant United States Attorney, on the brief), Brooklyn, NY, for Respondent.

Present: JOSEPH M. McLAUGHLIN, ROSEMARY S. POOLER and J. CLIFFORD WALLACE,* Circuit Judges.

### SUMMARY ORDER

Petitioner Rodolfo Fernando Sosa seeks review of the October 8, 2004, decision of the BIA affirming the September 17, 2003, decision of Immigration Judge ("IJ") William F. Jankun finding Sosa ineligible for a waiver of inadmissibility under former Section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (repealed 1996), or cancellation of removal under Section 240A(a) of the INA, 8 U.S.C. § 1229b(a). *See In re Rodolfo,* No. A 38 507 053 (B.I.A. Oct. 8, 2004), *aff'g* No. A 38 507 053 (Immig. Ct. N.Y. City Sept. 17, 2003).

The BIA properly rejected Sosa's claim that by combining Section 212(c) relief with Section 240A(a) relief he could overcome the aggravated felony bar to Section 240A(a) relief.[1] As we recently held in *Peralta–Taveras v. Gonzales,* 488 F.3d 580, 584–85 (2d Cir.2007), "regardless of the availability of a § 212(c) waiver, [petitioner's] aggravated felony convictions remain and preclude his application for can-

---

\* The Honorable J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

1. We reject the government's argument that we owe *Chevron* deference to the BIA's deci-

sion. *See Rotimi v. Gonzales,* 473 F.3d 55, 56 (2d Cir.2007) ("[A] nonprecedential decision by a single member of the BIA should not be accorded *Chevron* deference.").

cellation of removal under § 240A(a)." Thus, even if Sosa were able to waive the inadmissibility finding with respect to his 1991 aggravated felony conviction, that conviction would remain and render Sosa ineligible for Section 240A(a) relief. Sosa's contention that the BIA's decision here conflicts with its decision in *Matter of Gabryelsky,* 20 I. & N. Dec. 750 (B.I.A.1993) is incorrect. *See Peralta–Taveras,* 488 F.3d at 585. Accordingly, the petition for review is denied.