Alexis Antonio ESPINAL, Petitioner,

v.

Alberto GONZALES, Attorney General of the United States, Respondent.

No. 06–3180–ag.

United States Court of Appeals, Second Circuit.

July 5, 2007.

Matthew L. Guadagno, Amanda E. Gray, Kerry W. Bretz, Jules E. Coven, Bretz & Coven LLP, New York, NY, for Petitioner.

Kyle G.A. Wallace, Assistant United States Attorney, for Edmund A. Booth, Jr., Acting United States Attorney for the Southern District of Georgia, Augusta, GA, for Respondent.

Present: CHESTER J. STRAUB, ROSEMARY S. POOLER, Circuit Judges, ERIC N. VITALIANO,* District Judge.

---

\* The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

1. We reject the government's argument that we owe *Chevron* deference to the BIA's deci-

## SUMMARY ORDER

Petitioner Alexis Antonio Espinal seeks review of the June 8, 2006, 2006 WL 2024200, decision of the BIA affirming the December 15, 2005, decision of Immigration Judge Robert B. Weisel finding Espinal ineligible for a waiver of inadmissibility under former Section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (repealed 1996), or cancellation of removal under Section 240A(a) of the INA, 8 U.S.C. § 1229b(a). *See In re Espinal*, No. A 41 742 281 (B.I.A. June 8, 2006), *aff'g* No. A 41 742 281 (Immig. Ct. N.Y. City Dec. 15, 2005).

The BIA properly rejected Espinal's claim that by combining Section 212(c) relief with Section 240A(a) relief, he could overcome the aggravated felony bar to Section 240A(a) relief.[1] As we recently held in *Peralta–Taveras v. Gonzales*, 488 F.3d 580, 584–85 (2d Cir.2007), "regardless of the availability of a § 212(c) waiver, [petitioner's pre-IIRIRA] aggravated felony convictions remain and preclude his application for cancellation of removal under § 240A(a)." Thus, even if Espinal were able to waive the inadmissibility finding with respect to his 1991 aggravated felony conviction, that conviction would remain and render Espinal ineligible for Section 240A(a) relief. Espinal's contention that the BIA's decision here conflicts with its decision in *Matter of Gabryelsky*, 20 I. & N. Dec. 750 (B.I.A.1993) is incorrect. *See id.* at 585. Accordingly, the petition for review is denied.

sion. *See Rotimi v. Gonzales*, 473 F.3d 55, 56 (2d Cir.2007) (per curiam) ("[A] nonprecedential decision by a single member of the BIA should not be accorded *Chevron* deference . . . .").