

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-12-2007

# Smaragdas v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2805

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Smaragdas v. Atty Gen USA" (2007). *2007 Decisions*. Paper 447.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/447

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 06-2805

————————

NIKITAS KONSTANTINOS SMARAGDAS,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

————————————

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A18 113 498)
Immigration Judge:  Honorable Walter A. Durling

————————————

Submitted under Third Circuit L.A.R. 34.1(a)
June 1, 2007

Before:   BARRY, CHAGARES AND ROTH, <u>Circuit Judges</u>

(Opinion Filed: September 12, 2007)

————————

O P I N I O N

————————

**PER CURIAM**

Petitioner, Nikitas Konstantinos Smaragdas, a native and citizen of Greece, petitions for review of a final order of the Board of Immigration Appeals ("BIA"). For the following reasons, we will dismiss in part and deny in part the petition for review.

I.

Smaragdas was admitted to the United States as a lawful permanent resident in 1968. In 1993, he pled guilty to conspiracy to distribute cocaine, 18 U.S.C. §§ 841(b)(1)(A) & 846, and using a firearm during the commission of a drug trafficking offense, 18 U.S.C. § 924(c)(1). Smaragdas was sentenced to a term of imprisonment of 121 months for the drug offense and 60 months for the firearms offense, with the terms to run consecutively.

In July 2004, Smaragdas was charged with removability for having been convicted of an aggravated felony, see Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)], a controlled substance offense, see INA § 237(a)(2)(B)(i) [8 U.S.C. § 1227(a)(2)(B)(i)], and a firearms offense, see 237(a)(2)(C) [8 U.S.C. § 1227(a)(2)(C)].[1] Smaragdas conceded removability and applied for waiver of removal under INA § 212(c) [8 U.S.C. § 1182(c)]. An Immigration Judge ("IJ") proceeded as if Smaragdas was eligible for a waiver of removal, but denied § 212(c) relief as a matter of discretion. The Board of Immigration Appeals ("BIA") dismissed Smaragdas' appeal on the

---

[1] Smaragdas was also charged with removability for having falsely represented himself to be a citizen of the United States, see INA § 237(a)(3)(D), but the charge was dismissed by the Immigration Judge.

alternate basis that his firearms conviction has no corresponding ground of inadmissibility, as required for § 212(c) eligibility. See 8 C.F.R. § 1212.3(f)(5).

Smaragdas then filed a motion to reopen, arguing that he was entitled to apply for a waiver under INA § 212(c) in connection with an application for adjustment of status under INA § 245(a) [8 U.S.C. § 1255(a)]. The BIA denied the motion to reopen, concluding that Smaragdas "presented no new evidence or argument to persuade us that he is eligible for a wavier of inadmissibility or for adjustment of status or, for that matter, that he warrants the favorable exercise of discretion even if he were eligible."[2] Smaragdas filed a petition for review in May 2006.

## II.

This Court's review extends only to the Board's denial of Smaragdas' motion to reopen. See, e.g., Nocon v. INS, 789 F.2d 1028, 1032- 33 (3d Cir. 1986). The government argues that we lack jurisdiction to hear Smaragdas' claims because he seeks review of the discretionary denial of relief under §§ 212(c) and 245(a). The INA provides that "no court shall have jurisdiction to review . . . any decision or action of the Attorney General . . . the authority for which is specified under [relevant provisions of the INA] to be in the discretion of the Attorney General." INA § 242(a)(2)(B)(ii) [8 U.S.C. § 1252(a)(2)(B)(ii)]. However, the REAL ID Act of 2005 restored direct review of constitutional claims and questions of law

---

[2] The BIA also noted that Smaragdas' pending collateral attack of his firearms conviction did not affect his immigration status. We agree. See United States v. Garcia-Echaverria, 374 F.3d 440, 445-46 (6th Cir. 2004) (holding that a pending post-conviction proceeding does not negate the finality of the conviction for immigration purposes).

presented in petitions for review of final removal orders. <u>See</u> INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D)]. The decision to grant or deny relief pursuant to both §§ 212(c) and 245(a) is a discretionary one. <u>See</u> <u>Caroleo v. Gonzales</u>, 476 F.3d 158, 164 (3d Cir. 2007); <u>Pinho v. Gonzales</u>, 432 F.3d 193, 203 (3d Cir.2005). Therefore, to the extent that Smaragdas challenges the Board's conclusion that he does not warrant the favorable exercise of discretion for relief under §§ 212(c) and 245(a), we lack jurisdiction.

A liberal reading of Smaragdas' brief suggests that he is also alleging that the BIA's denial of reopening resulted in a violation of 8 C.F.R. § 1003.2(c), which provides in part that a motion to reopen shall not be granted "if it appears that the alien's right to apply for [discretionary] relief was fully explained to him or her . . . at the former hearing." We have jurisdiction to review this claim <u>See</u> <u>Chen v. Dep't of Justice</u>, 471 F.3d 315, 327-29 (2d Cir. 2006) (holding that alleged violation of legal standard set forth in regulation can constitute a question of law). Smaragdas contends that § 1003.2(c) was violated because the IJ and the BIA did not notify him that he was entitled to pursue relief under <u>Matter of Gabryelsky</u>, 20 I. & N. Dec. 750 (BIA 1993), pursuant to which an alien who is deportable for both drug and weapons offenses may apply for a waiver under § 212(c) in connection with an application for adjustment of status under INA § 245(a). Contrary to Smaragdas' belief, however, § 1003.2(c) does not affirmatively require that an alien be informed of all possible avenues of relief available to him. <u>See</u> <u>Bonhometre v. Gonzales</u>, 414 F.3d 442, 448 n.9 (3d Cir. 2005) (noting that the "majority of the courts of appeals, including our own, agree that there is no constitutional right to be informed of possible eligibility for discretionary relief."). Thus,

4

because § 1003.2(c) was not misapplied or misconstrued, the BIA did not abuse its discretion in denying the motion to reopen.

For these reasons, and after careful consideration of the record and the parties' contentions, we will dismiss that portion of Smaragdas' petition for review that seeks to challenge the Board's conclusion that he does not warrant the favorable exercise of discretion for relief under INA §§ 212(c) and 245(a).  We will **deny** the petition in all other respects.