**James Baria CORPUZ, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

**James Baria Corpuz, Petitioner,**

v.

**Michael B. Mukasey,\* Attorney General, Respondent.**

**Nos. 05–75087, 06–71855.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2007.

Filed Jan. 8, 2008.

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Jon Eric Garde, Esq., Law Offices of Jon Eric Garde, Las Vegas, NV, for Petitioner.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Arthur L. Rabin, Esq., Stephen J. Flynn, Esq., U.S. Department of Justice, Civil Div., Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, BYBEE, Circuit Judges, and WU **, District Judge.

** The Honorable George H. Wu, U.S. District Judge for the Central District of California, sitting by designation.

## MEMORANDUM ***

James Baria Corpuz, a native and citizen of the Philippines, petitions for review of the BIA's denial of his motion to reopen and of the BIA order affirming the decision of the IJ ordering him removed. These two petitions have been consolidated for our consideration.

Petitioner seeks relief from the deportation order because of the IJ's failure to advise him of his potential eligibility to adjust status and seek relief pursuant to *Matter of Gabryelsky,* 20 I. & N. Dec. 750, 756 (B.I.A.1993). He contends he is eligible for such relief because he married a U.S. citizen and did not serve a term of five years in prison. There is no question that he is an aggravated felon, for in 1989 he committed the crime of murder and was sentenced to eight years in prison. Because of his mental condition, he served a considerable amount of his sentence in a psychiatric facility.

In 1997, Corpuz married a United States citizen. He was charged with removability as an aggravated felon on September 9, 2003. At his hearing the IJ denied his request for waiver of removability under former § 212(c) of the Immigration and Nationality Act pursuant to *INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). The IJ did not advise him of any potential eligibility to adjust status. *See, e.g., Moran–Enriquez v. INS,* 884 F.2d 420, 423 (9th Cir.1989).

In his appeal to the BIA, he argued that the years he spent in psychiatric confinement could not be counted as a "term of imprisonment" within the meaning of former § 212(c), 8 U.S.C. § 1182(c) (1990), but the BIA never decided that issue. Instead, the Board applied its decision in

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Matter of Brieva*, 23 I. & N. Dec. 766 (B.I.A.2005), and held that Corpuz failed to show that his ground of removability has a corresponding ground of inadmissibility.

After Corpuz's wife submitted a Form I–130 immigrant visa petition on his behalf, Corpuz moved to reopen on the ground that he had not been informed at his removability hearing that he might be entitled to an adjustment of status and relief pursuant to *Gabryelsky*. The BIA did not address his argument that he should have been advised of his potential eligibility for relief. Instead, it denied the motion to reopen on the ground that it was not based on new information.

The BIA thus never addressed his claim of eligibility for *Gabryelsky* relief, which included his twin contentions that he was eligible for adjustment of status and eligible for a § 212(c) waiver because he was not an aggravated felon who has "served a term of imprisonment of at least 5 years." 8 U.S.C. § 1182(c). The BIA decided his appeal on the basis of an issue that he had not had an opportunity to address, i.e., his ineligibility for 212(c) relief under *Brieva*. The BIA denied his motion to reopen without considering his argument that he was entitled to relief under *Gabryelsky*. Thus, we grant the petitions for review and remand to the BIA for its consideration of his eligibility for 212(c) relief and for *Gabryelsky* relief. The petitioner may be foreclosed from arguing some or all of these issues by virtue of intervening decisions, but petitioner never had a fair opportunity to have his case considered by the BIA and he is entitled to that as a matter of due process. *Cf. Campos–Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir. 1999).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

The consolidated petitions for review are GRANTED and REMANDED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.