Marco Antonio **HERRERA–SANCHEZ,**
a.k.a. Marco Antonio Herrera,
Petitioner,

v.

Eric H. **HOLDER, Jr.,** Attorney
General, Respondent.

No. 07–73333.

United States Court of Appeals,
Ninth Circuit.

---

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Sept. 14, 2009.*

Filed Oct. 2, 2009.

———

Murray D. Hilts, Esquire, Law Offices of Murray Hilts, San Diego, CA, for Petitioner.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Marco Antonio Herrera–Sanchez, citizen and native of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

The BIA did not abuse its discretion when it denied Herrera–Sanchez's motion to reopen and rejected his argument for equitable tolling. *See Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir.2005). First, the BIA correctly denied Herrera–Sanchez's motion as untimely because it was filed almost twelve years after his final deportation order. *See* 8 U.S.C. § 1229a(c)(7). Second, equitable tolling is unavailable to Herrera–Sanchez because he did not establish prejudice from the alleged ineffective assistance of counsel. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003). Herrera–Sanchez's underlying claim for relief is not plausible because his claim for concurrent adjustment of status and an 8 U.S.C. § 1182(c) waiver under *Matter of Gabryelsky*, 20 I. & N. Dec. 750 (BIA 1993) is speculative at best. *See Lin v. Ashcroft*, 377 F.3d 1014, 1027 (9th Cir.2004); *see* 8 C.F.R. § 1003.2(c)(1).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.