NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50223 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-02745-JM-1 |
| v. | |
| MANUEL GONZALES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, Senior District Judge, Presiding

Argued and Submitted August 27, 2013
Pasadena, California

Before: GOULD and RAWLINSON, Circuit Judges, and HUCK, District Judge.[**]

Appellant Manuel Gonzales (Gonzales), who was convicted of being a

deported alien found in the United States, challenges the district court's denial of

his motion to dismiss the indictment. He contends that his underlying removal was

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Paul C. Huck, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

invalid because the immigration judge (IJ) failed to inform him of his eligibility for relief pursuant to *Matter of Gabryelsky*, 20 I. & N. Dec. 750 (BIA 1993) (allowing aliens to seek relief by combining an adjustment of status under 8 U.S.C § 1255(a) and a waiver of inadmissibility under former 8 U.S.C. § 1182(c)), thereby depriving him of due process and judicial review, and excusing his failure to seek administrative relief. *See United States v. Rojas-Pedroza*, 716 F.3d 1253, 1262 (9th Cir. 2013). He further contends that he suffered prejudice because he had a plausible claim for relief under former 8 U.S.C § 1182(c).

The district court determined that Gonzales had "failed to demonstrate that then-existing BIA precedent would have provided him with a plausible path to relief by applying for adjustment of status." However, the government conceded at oral argument that *Gabryelsky* relief was available to Gonzales. Because the district court failed to address whether Gonzales was eligible for *Gabryelsky* relief by combining an adjustment of status under 8 U.S.C § 1255(a) and a waiver of inadmissibility under former 8 U.S.C. § 1182(c), we vacate the judgment and remand for the district court to consider whether Gonzales was eligible for *Gabryelsky* relief and whether Gonzales has made "a plausible showing that the facts presented would cause the Attorney General to exercise discretion in his

2

favor." *Rojas-Pedroza*, 716 F.3d at 1263 (citation and internal quotation marks omitted).

**VACATED and REMANDED.**