**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RUBEN REYES-TORRES,
                    *Petitioner,*

          v.

ERIC H. HOLDER Jr., Attorney
General,
                    *Respondent.*

No. 08-74452

Agency No.
A013-476-480

RUBEN REYES-TORRES,
                    *Petitioner,*

          v.

ERIC H. HOLDER Jr., Attorney
General,
                    *Respondent.*

No. 09-70214

Agency No.
A013-476-480

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
September 15, 2010—San Francisco, California

Filed April 7, 2011

4701

Before: J. Clifford Wallace and Sidney R. Thomas, Circuit Judges, and Richard Mills, Senior District Judge.*

Opinion by Judge Thomas;
Dissent by Judge Wallace

---

*The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

_____

## COUNSEL

Karla Kraus, San Diego, California, for the petitioner.

Daniel I. Smulow, Office of Immigration Litigation, Washington, D.C., for the respondent.

Trina Realmuto, Boston, Massachusetts, for amicus curiae National Immigration Project of the National Lawyers Guild.

Beth Werlin, Washington, D.C., for amicus curiae American Immigration Council.

_____

## OPINION

THOMAS, Circuit Judge:

In this petition for review, we consider whether the Board of Immigration Appeals ("BIA") has jurisdiction to review a motion to reconsider and reopen filed after a petitioner has been involuntarily removed from the United States. We con-

clude that it has jurisdiction and we grant the petition for review.

I

Reyes-Torres is a native and citizen of Mexico who obtained lawful permanent resident status in 1964. Since then he has been convicted of two crimes relevant to this petition. In 1984, Reyes-Torres was convicted of transporting aliens in violation of 8 U.S.C. § 1324(a)(2). In 2007, he was convicted of possession of a controlled substance in violation of California Health and Safety Code § 11377(a).

The Department of Homeland Security ("DHS") served Reyes-Torres with a Notice to Appear ("NTA") in 2008, charging him with being removable pursuant to: (1) 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien who has been convicted of an aggravated felony; and (2) 8 U.S.C. § 1227(a)(2)(B)(i) as an alien who has been convicted of a law relating to a controlled substance. At a hearing before an immigration judge ("IJ"), Reyes-Torres admitted the factual allegations in the NTA, contested removability on the basis of the aggravated felony charge, and conceded removability on the basis of his controlled substance violation. He also stated his intention to seek relief from deportation in the form of cancellation of removal. Such relief is unavailable to permanent residents who have been convicted of any aggravated felony. 8 U.S.C. § 1229b(a)(3).

The IJ issued a written decision finding that Reyes-Torres's alien transportation conviction constituted an aggravated felony and he was therefore ineligible for relief in the form of cancellation of removal. In light of this finding, and in light of Reyes-Torres's concession of removability on the controlled substance conviction, the IJ ordered him removed to Mexico. Reyes-Torres appealed to the BIA and it affirmed the IJ's decision on September 26, 2008.

Reyes-Torres was removed from the United States on October 3, 2008. On October 22, 2008, a California Superior Court judge granted Reyes-Torres's motion to withdraw his guilty plea to the controlled substance charge resulting in his 2007 controlled substance conviction. The judge granted the motion on the ground that Reyes-Torres was not adequately informed of the immigration consequences of the plea. On October 27, 2008, Reyes-Torres filed with the BIA a motion to reconsider and reopen proceedings based on the new evidence of the vacated conviction.

On December 22, 2008, the BIA dismissed Reyes-Torres's motion to reopen and reconsider, concluding that it lacked jurisdiction because Reyes-Torres had been removed from the United States prior to its filing. The BIA cited the "departure bar" in 8 C.F.R. § 1003.2(d) for this proposition. Reyes-Torres timely petitioned for review of both the BIA's September 26, 2008 decision dismissing his appeal (Case No. 08-74452) and the BIA's December 22, 2008 decision dismissing his motion to reconsider and reopen (Case No. 09-70214). The court sua sponte consolidated the petitions.

## II

**[1]** The regulatory "departure bar" at issue in this case reads:

> A motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States.

8 C.F.R. § 1003.2(d). The BIA argues that its interpretation of the departure bar strips it of jurisdiction to hear motions to reopen or reconsider filed by aliens who have already been removed from the United States.

**[2]** We recently examined the departure bar in *Coyt v. Holder*, 593 F.3d 902 (9th Cir. 2010). Coyt entered the United States without inspection and, twenty years later, the Immigration and Naturalization Service initiated removal proceedings against him. *Id.* at 903. Coyt conceded removability but applied for cancellation of removal or voluntary departure. *Id.* The IJ granted a sixty-day voluntary departure period. *Id.* at 904. The BIA affirmed the IJ's decision, granting Coyt an additional thirty days to depart voluntarily. *Id.* at 904. Due to a miscommunication with his attorney, Coyt did not receive notice of the BIA's decision, and did not depart within the requisite thirty days. *Id.* When Coyt eventually learned of the BIA's decision, he moved for the BIA to reissue its decision so that the thirty-day voluntary departure period would restart, arguing ineffective assistance of counsel. *Id.* On the same day, Coyt was removed. *Id.*

The BIA issued an order finding Coyt's removal resulted in the withdrawal of his motion to reissue, citing 8 C.F.R. § 1003.2(d). *Id.* That section reads in full:

> A motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States. Any departure from the United States, including the deportation or removal of a person who is the subject of exclusion, deportation, or removal proceedings, occurring after the filing of a motion to reopen or a motion to reconsider, shall constitute a withdrawal of such motion.

8 C.F.R. § 1003.2(d).

**[3]** Coyt petitioned this court for review and we granted his petition. *Id.* at 903. We explained that the first step in analyzing a regulation under *Chevron* requires us to determine "whether Congress has directly spoken to the precise question

at issue." *Id*. at 905 (quoting *Chevron U.S.A. v. Nat'l Res. Def. Council*, 467 U.S. 837, 842 (1984)). We then analyzed Congress's amendments to the Immigration and Nationality Act, which granted aliens subject to a removal order the right to file a motion to reopen. *Id*. at 906 (citing 8 U.S.C. § 1229a(c)(7)(A)). These amendments, collectively known as the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), provide that within ninety days, the alien may file a motion to reopen, and the Attorney General must remove the alien. 8 U.S.C. §§ 1229a(c)(7)(C); 1231(a)(1)(A); *see also id.* § 1229a(c)(6)(B) (granting aliens thirty days to file a motion to reconsider).

**[4]** After reviewing the statutes, we determined that "the intent of Congress is clear," and that "in passing IIRIRA, Congress anticipated that petitioners would be able to pursue relief after departing from the United States." *Coyt*, 593 F.3d at 906. As such, we held that:

> The only manner in which we can harmonize the provisions simultaneously affording the petitioner a ninety day right to file a motion to reopen and requiring the alien's removal within ninety days is to hold, consistent with the other provisions of IIRIRA, that the physical removal of a petitioner by the United States does not preclude the petitioner from pursuing a motion to reopen.

*Id.* at 907.

**[5]** There is no principled legal distinction to be drawn between *Coyt* and this case. The only factual difference between the cases is that Coyt filed his motion to reopen prior to his involuntary departure. Reyes-Torres did not file his motion to reopen and reconsider until after he was removed. This distinction is immaterial in light of Congress's clear intent in passing IIRIRA. Reyes-Torres was forcibly removed seven days after the final order of removal was entered. If we

accept the government's argument, the Attorney General would have the power to unilaterally reduce the time in which Reyes-Torres could have filed his motion to reopen from the statutorily mandated ninety days to seven days. Because such a result would "completely eviscerate the statutory right to reopen provided by Congress," we reaffirm our holding in *Coyt* that "the physical removal of a petitioner by the United States does not preclude the petitioner from pursuing a motion to reopen." *Id.*

## III

**[6]** Reyes-Torres also appeals the BIA's September 26, 2008 decision affirming the IJ's conclusion that his alien transportation conviction constituted an aggravated felony. We do not find it necessary to decide whether the 1984 conviction constituted an aggravated felony for removal purposes in light of our holding in *Ledezma-Galicia v. Holder*, ___ F.3d ___, Nos. 03-73648, 04-35048, 2010 WL 5174979 (9th Cir. Dec. 22, 2010). In *Ledezma-Galicia,* we held that 8 U.S.C. § 1227(a)(2)(A)(iii) does not apply to convictions that occurred prior to the enactment of the Anti-Drug Abuse Act of 1988 ("ADAA"). *Id.* at *16. The ADAA—which created the category of crimes denominated "aggravated felonies" and provided that aliens convicted of such aggravated felonies were subject to deportation—was enacted November 18, 1988. Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, 102 Stat. 4181. Because Reyes-Torres's conviction for alien transportation occurred prior to November 18, 1988, it cannot constitute a removable aggravated felony.

**[7]** The fact that Reyes-Torres was deemed removable under 8 U.S.C. § 1227(a)(2)(B)(i) due to his 2007 controlled substance conviction does not alter the analysis. The 2007 guilty plea has since been vacated and can no longer serve as a basis for removability.[1] *See Cardoso-Tlaseca v. Gonzales*,

---

[1]The dissent places great weight on the fact that Reyes-Torres initially conceded removability by admitting the allegations in the Notice to

460 F.3d 1102, 1107 (9th Cir. 2006) ("[A] conviction vacated because of a procedural or substantive defect is not considered a conviction for immigration purposes and cannot serve as the basis for removeability." (internal quotation marks and citation omitted)); *Wiedersperg v. INS*, 896 F.2d 1179, 1182 (9th Cir. 1990) ("This and other courts have clearly established that the nullification of a conviction upon which deportability is premised deprives deportation of a legal basis." ). The fact that Reyes-Torres sought to vacate his 2007 controlled substance conviction in light of the immigration consequences does not change the reasoning because the petitioner's motive is not the crucial inquiry. *See Pickering v. Gonzales*, 465 F.3d 263, 267 (6th Cir. 2006). Instead, the inquiry must focus on the state court's rationale for vacating the conviction, and the burden is on the government to prove that it was vacated "*solely* for rehabilitative reasons or reasons related to his immigration status . . . ." *Cardoso-Tlaseca v. Gonzales*, 460 F.3d at 1107 n.3 (citing *Pickering v. Gonzales*, 454 F.3d 525 (6th Cir. 2006), *amended and superseded by Pickering*, 465 F.3d at 263); *see also Pickering*, 465 F.3d at 266-67 (explaining the difference between a conviction vacated for rehabilitative or immigration reasons and a conviction vacated for procedural or substantive infirmities). This question is not before us because it is one that "must be determined in the first instance by the BIA on remand." *Cardoso-Tlaseca*, 460 F.3d at 1107. Until the BIA determines that the conviction was not vacated on the merits, Reyes-Torres was not properly found removable under the INA on a ground separate and distinct from a pre-1988 aggravated felony conviction, unlike the petitioner in *Becker v. Gonzales*, 473 F.3d

Appear. However, Reyes-Torres merely conceded that he had been convicted in state court; he never conceded the factual allegations underlying that conviction. Because that conviction has since been vacated, his concession is no longer accurate. This distinguishes the instant case from *Shin v. Mukasey*, 547 F.3d 1019, 1024 (9th Cir. 2008), wherein the petitioner conceded removability on the ground she was not in possession of valid documents for admission and she never recanted that factual concession.

1000 (9th Cir. 2007). Therefore, because the 2007 controlled substance conviction has been vacated, the 1984 aggravated felony conviction is the only remaining basis for removability, and *Ledezma-Galicia* controls the determination.

We grant the petition for review and remand this case to the BIA for further action consistent with this opinion.

**PETITION GRANTED.**

---

WALLACE, Senior Circuit Judge, dissenting:

The majority's decision fails to follow the well-established principles of agency deference and misreads our recent precedent for determining whether an aggravated felon is eligible for cancellation of removal. Therefore, I dissent.

## I.

In October 2008, Ruben Reyes-Torres, who had become a lawful permanent resident, was removed from the United States based on his state conviction for unlawfully possessing a controlled substance. *See* 8 U.S.C. § 1227(a)(2)(B)(i) (2008). During his removal proceedings, Reyes-Torres conceded removability on the basis of his controlled substance conviction, but requested cancellation of removal pursuant to 8 U.S.C. § 1229b(a). This request was denied, however, because Reyes-Torres had also been convicted of an aggravated felony — smuggling aliens — in 1984.

Shortly after his removal to Mexico, Reyes-Torres filed a motion to reopen and reconsider his removal proceedings with the Board of Immigration Appeals (Board). According to Reyes-Torres, he was entitled to relief because he had recently withdrawn his guilty plea on the controlled substance charge. The Board, however, denied the motion because

Reyes-Torres had departed the United States prior to filing the motion. *See* 8 C.F.R. § 1003.2(d).

Reyes-Torres raises two issues for our review. He first challenges the Board's refusal to reopen and reconsider his removal proceedings. Reyes-Torres also contends that the immigration courts erred when they held that his 1984 conviction for alien smuggling constitutes an aggravated felony. I would deny Reyes-Torres's petition for review on both issues.

## II.

Reyes-Torres's motion to reopen and reconsider his removal proceedings was denied based on the Board's departure bar, which is set forth at 8 C.F.R. § 1003.2(d). That section, enacted by the United States Attorney General, provides:

> A motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States. Any departure from the United States, including the deportation or removal of a person who is the subject of exclusion, deportation, or removal proceedings, occurring after the filing of a motion to reopen or a motion to reconsider, shall constitute a withdrawal of such motion.

*Id.* Relying on *Coyt v. Holder*, 593 F.3d 902 (9th Cir. 2010), the majority concludes that the departure regulation cannot stand in this case because Reyes-Torres was involuntarily deported. In my view, the majority should have given appropriate deference to the Board's reasonable interpretation of its own regulation. *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984) (requiring deference to an agency's interpretation of an ambiguous statutory or regulatory provision unless the agency's interpretation is unreasonable).

The Board has explained that it lacks the power to provide administrative relief to an alien who has departed the territory of the United States. *In re Armendarez-Mendez*, 24 I. & N. Dec. 646 (BIA 2008). Since the early 1950s, the Board has consistently maintained this position and regularly applied this bar to departed aliens. *See In re G----y B----*, 6 I. & N. Dec. 159 (BIA 1954). The Board defines section 1003.2(d) as jurisdictional. *Armendarez-Mendez*, 24 I. & N. Dec. at 652. Thus, the Board explains that this regulatory bar limits its adjudicative authority and capacity to consider claims of departed aliens, even when — as is the case here — the alien's departure is involuntary. *See id.*

The Board's interpretation of its departure rule as a jurisdictional bar is not unreasonable or implausible. *See Chevron*, 467 U.S. at 842-43. While it may seem "linguistically awkward to consider the forcible removal of an alien as 'constitut[ing] a withdrawal' of any pending motions filed by the alien," the issue is not whether the Board's interpretation of its own regulation is somewhat awkward. *Zhang v. Holder*, 617 F.3d 650, 660 (2d Cir. 2010) (alteration in original). Instead, we must consider whether the agency's interpretation is "plainly erroneous or inconsistent with the regulation." *Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 672 (2007) (internal quotation marks omitted). Here, the plain language of section 1003.2(d) does not preclude the Board's interpretation, and Reyes-Torres points to nothing in the Immigration and Nationality Act (INA) that prohibits the Board from treating its departure bar as a jurisdictional rule. Accordingly, under *Chevron*, we should defer to the Board's interpretation of its own departure provision. *See* 467 U.S. at 842-43; *Auer v. Robbins*, 519 U.S. 452, 461 (1997) (explaining that the judiciary should defer to an agency's plausible reading of its own regulations).

I recognize that Congress has enacted legislation allowing aliens the right to file at least one motion to reopen with the Board. *See* 8 U.S.C. § 1229a(c)(7)(A). I also appreciate the

general rule that an administrative agency cannot contract a statutory grant of jurisdiction. *See Union Pac. R.R. v. Bhd. of Locomotive Eng'rs*, 130 S. Ct. 584, 597-98 (2009). The general rule holds true, however, only to the extent that Congress has not given the agency authority to adopt rules of jurisdictional dimension. *See id.* (emphasizing that the controlling statute did not allow the agency to limit the scope of its own jurisdiction). This case therefore is unlike the agency regulation at issue in *Union Pacific*. Here, Congress has expressly delegated very broad rule-making authority to the Attorney General to establish regulations as necessary to enforce our nation's immigration laws. *See* 8 U.S.C. § 1103(g)(2) (authorizing the Attorney General to "establish such regulations, . . . review such administrative determinations in immigration proceedings, delegate such authority, and perform such acts as the Attorney General determines to be necessary" under the INA). Based on this authority, the Attorney General has seen fit to establish the departure bar and limit the Board's power to reopen removal proceedings when an alien leaves the United States. 8 C.F.R. § 1003.2(d).

Significantly, Congress's silence on the propriety of the removal bar, despite repeated amendments to the INA, demonstrates legislative acquiescence to the Attorney General's authority to enact a departure regulation. *Zhang*, 617 F.3d at 662, *citing* Immigration Act of 1990, Pub. L. No. 101-649 § 545(d)(1) (Nov. 29, 1990). Because Congress has acquiesced to the Attorney General's authority to limit an alien's right to file a motion to reopen, and given that the Board's interpretation of that limitation is reasonable, we should defer to the Board.

It is true that our sister circuits have split over the validity of the departure bar. The Sixth and Seventh Circuits, for instance, have invalidated section 1003.2(d), concluding that the Attorney General lacks authority to limit the Board's jurisdiction over motions to reopen. *Pruidze v. Holder*, 632 F.3d 234, 237 (6th Cir. 2011); *Marin-Rodriguez v. Holder*,

612 F.3d 591, 595 (7th Cir. 2010). Meanwhile, the Fifth and Tenth Circuits have issued decisions upholding the departure bar. *See Contreras-Bocanegra v. Holder*, 629 F.3d 1170, 1170 (10th Cir. 2010) (treating the departure bar "as a complete jurisdictional bar against motions to reopen"); *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 675-76 (5th Cir. 2003) (denying a petition for review based on section 1003.2(d)). Because the Fifth and Tenth Circuits' decisions are faithful to the deference required by *Chevron*, I would follow those cases and uphold the departure bar here.

## III.

Nor do I agree with the majority's interpretation of our recent decision in *Ledezma-Galicia v. Holder*, ___ F.3d ___, 2010 WL 5174979, at *12-13 (9th Cir. Dec. 22, 2010). There, a divided panel of this court held that the INA precludes an aggravated felony conviction, if obtained prior to November 18, 1988, from serving as *grounds for removal* under 8 U.S.C. § 1227(a)(2)(A)(iii). *Id.* at *16. Because Reyes-Torres's alien smuggling conviction was obtained in 1984, the majority reasons that Reyes-Torres is not eligible for *cancellation of removal* in this case. I disagree.

A close reading of *Ledezma-Galicia* indicates that its holding is irrelevant to the issue of cancellation of removal. As the majority explained in that case, its reasoning applies to "the aggravated felony ground of deportation *only*." *Id.* at *9. This is so, because the temporal limitation on which *Ledezma-Galicia* relies, section 7344(b) of the Anti-Drug Abuse Act of 1988, is restricted on its face to the narrow question of whether certain aggravated felonies are "grounds for deportation." *See* Pub. L. No. 100-690 § 7344(b) (Nov. 18, 1988). Thus, other immigration consequences of an aggravated felony conviction, such as ineligibility for cancellation of removal, do not share the same temporal limitation. *See Ledezma-Galicia*, 2010 WL 5174979, at *15; *Lopez-Castellanos v. Gonzales*, 437 F.3d 848, 852-54 (9th Cir. 2006)

(explaining that the definition of "aggravated felony" applies to all aliens but that the temporal reach of associated immigration consequences must be analyzed separately).

Significantly, we have already addressed the "immigration consequences" at issue here: whether an alien's pre-1988 aggravated felony conviction renders him ineligible for cancellation of removal. *See id.* In *Becker v. Gonzales*, 473 F.3d 1000 (9th Cir. 2007), we explicitly held that "[a]n alien convicted of *any* aggravated felony *at any time* is not eligible for cancellation of removal." *Id.* at 1002 (emphases added). Thus, *Becker* definitively provides that when an alien is properly found removable under the INA on a ground separate and distinct from a pre-1988 aggravated felony conviction, that conviction can still render the alien ineligible for cancellation of removal. *Id.*

In light of *Becker*, it makes no difference that *Ledezma-Galicia* precludes the immigration tribunals from considering Reyes-Torres's 1984 aggravated felony conviction as a basis for removal. On this point, the majority erroneously concludes, without citing anything in the record, that Reyes-Torres was removed as a result of his 1984 aggravated felony conviction. The administrative record, however, reveals that this is not the case. Instead, the immigration tribunals relied upon Reyes-Torres's aggravated felony conviction *only* as precluding his request for cancellation of removal.

To be sure, Reyes-Torres was initially *charged* with being removable based on both his controlled substance conviction and his aggravated felony conviction. During his removal proceedings, however, Reyes-Torres *conceded* removability on the basis of his controlled substance conviction. Based on this concession, the Board and the immigration judge explicitly recognized that they did not need to decide whether Reyes-Torres was removable as a result of his 1984 conviction for smuggling aliens. *See* Administrative Record at 25-28 (finding Reyes-Torres removable based on his admissions to the

immigration judge — i.e., his concession of removability as a result of his controlled substance conviction); *id.* at 72-73 ("As the respondent has conceded removability, the only issue before the Court is whether the respondent is statutorily barred from relief in the form of cancellation of removal"). Thus, rather than use his aggravated felony conviction as grounds for removal, the immigration tribunals simply accepted Reyes-Torres's concession of removability on the controlled substance ground. *See Shin v. Mukasey*, 547 F.3d 1019, 1024 (9th Cir. 2008) (holding that where a non-citizen concedes removability, "the government's burden in this regard is satisfied"). Then, consistent with *Becker*, the immigration judge and the Board simply determined that Reyes-Torres's prior aggravated felony conviction for smuggling aliens made him ineligible for cancellation of removal. *See* 473 F.3d at 1002. The immigration tribunals therefore did not violate *Ledezma-Galicia* when they denied Reyes-Torres's request for relief.

Relying on *Cardoso-Tlaseca v. Gonzales*, 460 F.3d 1102, 1107 (9th Cir. 2006), the majority incorrectly asserts that Reyes-Torres could not have been removed as a result of his concessions because, *after* Reyes-Torres's removal proceedings became final, he successfully withdrew his guilty plea on the controlled substance conviction. But, in considering whether the Board erred in issuing its final order of removal, we are restricted to the facts presented to the immigration tribunals during Reyes-Torres's removal proceedings. *See Fisher v. I.N.S.*, 79 F.3d 955, 963 (9th Cir. 1996) (explaining that judicial review of agency action must be confined to the *original record* upon which *that action* was premised); 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition *only on the administrative record on which the order of removal is based*" (emphasis added)). At the time of Reyes-Torres's removal proceedings, his controlled substance conviction was a completely valid basis for removal. Thus, because our review is confined to the *original record* on which Reyes-Torres's final order of removal is based, we are

precluded from concluding that the Board erred by relying on that conviction. *See Fisher*, 79 F.3d at 963. To the extent that Reyes-Torres's controlled substance conviction was later vacated, we can consider this evidence only as it relates to Reyes-Torres's challenge to the Board's decision denying his motion to reopen. *See id.* This distinction is key.

In fact, recognizing that our review of an alien's removal proceedings is limited to the evidence introduced during those proceedings, Reyes Torres does not challenge the Board's final removal order on the basis that his controlled substance conviction was ultimately vacated. Instead, he invokes *Cardoso-Tlaseca* for the proposition that the Board erred when it denied his motion to reopen the underlying removal proceedings. Yet, as the majority fails to acknowledge, Reyes-Torres never asserted any argument premised on *Cardoso-Tlaseca* when this case was pending before the Board. Because Reyes-Torres did not exhaust this legal theory, either during his removal proceedings or as part of his motion to reopen, we lack jurisdiction to consider the argument upon which the majority bases its holding. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (explaining that an alien's failure to raise an issue to the Board generally constitutes a failure to exhaust, which deprives this court of jurisdiction to consider the issue).

Moreover, even if our review of Reyes-Torres's removal order permitted us to consider the substantive impact of the withdrawal of his controlled substance conviction, I would still deny the petition for review. As discussed earlier, Reyes-Torres explicitly conceded removability, which is in itself a separate and distinct basis for finding him removable. *See Shin*, 547 F.3d at 1024; 8 C.F.R. § 1240.10(c) ("If [an alien] admits . . . his or her removability . . . and the immigration judge is satisfied that no issues of law or fact remain, the immigration judge may determine that removability as charged has been established by the admissions of the [alien]"). An alien's voluntary concession of removability

does not become invalid simply because the alien recants his concession after the Board enters its removal order. *See id.* Reyes-Torres conceded to removability as part of a strategic decision to pursue cancellation of removal. The fact that he was denied relief on the basis of his aggravated felony conviction does not somehow undo Reyes-Torres's original concession to removability on a separate and distinct ground.[1]

Even *Cardoso-Tlaseca*, the primary authority on which the majority relies, recognizes that the substantive ramifications of a prior conviction are not altered when that conviction is merely vacated to avoid adverse immigration consequences. *See* 460 F.3d at 1107 n.3 (observing that when a petitioner's conviction is vacated for immigration purposes, that conviction can still serve as the basis for finding the alien removable). Here, the record provides that Reyes-Torres's prior conviction was vacated because he was upset with the immigration consequences that resulted from his guilty plea. Yet, the majority not only relies on facts that were not raised during Reyes-Torres's removal proceedings, it *definitively* concludes that Reyes-Torres's controlled substance conviction — which was not vacated until *after* his removal proceedings became final — could not possibly have been the basis for the

---

[1]The majority refuses to give any weight to Reyes-Torres's concession of removability. The majority reasons that while Reyes-Torres admitted to a controlled substance conviction, "he never conceded the factual allegations underlying that conviction." The majority does not explain why this should make any difference. Under section 240.10(c), Reyes-Torres was not required to admit to the underlying factual allegations for his concession of removability to be binding. *Shin*, 547 F.3d at 1024; *see also Fernandez-Rivas v. Holder*, No. 08-71087, 2010 WL 4269337, at *1 (9th Cir. Oct. 25, 2010) ("Fernandez-Rivas is bound by his attorney's concession of removability before the IJ"). As the Second Circuit has explained, "Admissions by parties are not subject to judicial scrutiny to ensure that the admissions are fully supported by the underlying record." *See Hoodo v. Holder*, 558 F.3d 184, 191 (2d Cir. 2009). Regardless, Reyes-Torres did not just admit to the conviction, he also specifically conceded to being a removable alien. This is all that is required by *Shin*.

Board's removal order. This is a proposition that I cannot accept.[2]

In sum, the majority impermissibly bases its decision on facts that were never introduced during Reyes-Torres's removal proceedings. The majority then ignores our exhaustion doctrine and disregards Reyes-Torres's concession of removability. Finally, even though the immigration tribunals explicitly refused to treat Reyes-Torres as removable based on his aggravated felony conviction, the majority rewrites the Board's final order of removal in an effort to invoke *Ledezma-Galicia* — a decision that has no applicability where, as here, an alien is removed for reasons that are separate and distinct from the aggravated felony. Accordingly, while *Becker* compels the conclusion that Reyes-Torres's 1984 aggravated felony conviction renders him ineligible for cancellation of removal, the majority refuses to follow our precedent, charting its own course. In doing so, the majority not only disregards *Becker*, it needlessly creates an intra-circuit conflict with our decisions in *Fisher*, *Barron*, and *Shin*.

I dissent.

---

[2]The majority correctly observes that the Board should decide in the first instance whether Reyes-Torres sought to vacate his controlled substance conviction due to potential immigration consequences. *See Cardoso-Tlaseca*, 460 F.3d at 1107 n.3. The majority, however, does not even follow the approach it purports to adopt. Instead, the majority definitively states that Reyes-Torres's "2007 guilty plea has since been vacated and can no longer serve as a basis of removability." This statement is difficult to reconcile with *Cardoso-Tlaseca* and begs the question of what is left for the Board to decide on remand.