**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MICHAEL HERBERT BECKER,
                    *Petitioner,*

          v.

ALBERTO R. GONZALES, Attorney
General,

                    *Respondent.*

No. 05-76977

Agency No.
A97-343-613

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
November 17, 2006—San Francisco, California

Filed January 10, 2007

Before: Proctor Hug, Jr., A. Wallace Tashima, and
Ronald M. Gould, Circuit Judges.

Opinion by Judge Gould

## COUNSEL

Thomas H. Tousley, Law Office of Thomas H. Tousley, Virginia, for petitioner Michael Herbert Becker.

Anthony P. Nicastro, Attorney, Office of Immigration Litigation, Civil Division, United States Justice Department, Washington, D.C., argued for respondent Alberto Gonzales, United States Attorney General. Peter D. Keisler, Assistant Attorney General, Civil Division, Richard M. Evans, Assistant Director, and David E. Dauenheimer, Attorney, Office of Immigration Litigation, Civil Division, United States Justice Department, Washington, D.C., were on the brief.

## OPINION

GOULD, Circuit Judge:

Michael Herbert Becker, a native and citizen of Germany, petitions for review of the Board of Immigration Appeals' ("BIA's") final order of removal. Becker contends that the BIA's finding that he is not eligible to apply for cancellation of removal has been superceded by our decision in *Lopez-Castellanos v. Gonzales*, 437 F.3d 848 (9th Cir. 2006).[1] We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(C), and deny his petition for review.[2]

## I

Becker was admitted to the United States at the age of six, on or about April 4, 1961, and is a lawful permanent resident. On December 9, 2004, Becker pleaded guilty to the offense of "Possession of Drug Paraphernalia," a Class 6 felony, in violation of Arizona Revised Statutes §§ 13-3401, 3408, 3415, 701, 702.01, 801 and 901.01(A).[3] Removal proceedings were initiated against Becker on February 14, 2005, when a Notice to Appear ("NTA") was filed with the Immigration

---

[1]We address the other issues Becker raised in his petition for review in a separately-filed memorandum disposition and address in this published opinion only the issue of whether Becker is eligible to apply for cancellation of removal.

[2]We review de novo questions of law. *See Lal v. INS*, 255 F.3d 998, 1004 (9th Cir. 2001); *see also Fernandez-Ruiz v. Gonzales*, 410 F.3d 585, 587 (9th Cir. 2005). "To the extent that the BIA incorporates the [Immigration Judge's ("IJ")] decision as its own, we treat the IJ's statement of reasons as the BIA's and review the IJ's decision. Except to that extent, our review is confined to the decision of the BIA." *Gonzales v. INS*, 82 F.3d 903, 907 (9th Cir. 1996) (internal citations omitted).

[3]An FBI criminal background check reveals Becker's significant criminal record beginning with his April 1, 1974, conviction for burglary and possession of drugs and generating approximately twenty-five hits, culminating in his December 9, 2004 arrest.

Court charging that Becker was removable as an alien convicted of a controlled substance offense, in violation of INA § 237(a)(2)(B)(I), 8 U.S.C. § 1227(a)(2)(B)(I). Becker conceded that he was removable as charged, but requested cancellation of removal under INA § 240A(a), 8 U.S.C. § 1229b(a).

The Immigration Judge ("IJ") found Becker removable as an alien convicted of a controlled substance offense, denied his application for relief, and ordered him removed to Germany. The BIA issued an opinion affirming the IJ's decision. This petition for review followed.

## II

**[1]** An alien convicted of any aggravated felony at any time is not eligible for cancellation of removal. INA § 240A(a)(3); *United States v. Corona-Sanchez*, 291 F.3d 1201, 1210 n.8 (9th Cir. 2002) (en banc). A conviction for an aggravated felony precludes eligibility even absent a charge and finding of removability on that ground. *Compare* INA § 240A(a)(3) (an alien "convicted of any felony" is not eligible) *with Matter of Fortiz-Zelaya*, 21 I&N Dec. 1199 (BIA 1998) (holding that "is deportable" for the purposes of § 212(c) eligibility requires a charge and finding of deportability under the relevant deportation ground) *and Matter of Ching* 12 I&N Dec. 710 (BIA 1968) (same for suspension of deportation). The effective-date provision of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") § 321, which defines certain crimes as aggravated felonies, applies "regardless of the date of the commission of the crime." *Lopez-Castellanos*, 437 F.3d at 852; *see Aragon-Ayon v. INS*, 206 F.3d 847, 853 (9th Cir. 2000); *see also INS v. St. Cyr*, 533 U.S. 289, 319, 121 S. Ct. 2271, 150 L.Ed.2d 347 (2001) ("IIRIRA's amendment of the definition of 'aggravated felony' . . . clearly states that it applies with respect to 'conviction[s] . . . entered before, on, or after' the statute's enactment date.").

In *Lopez-Castellanos*, we applied *St. Cyr*'s retroactivity analysis to a petitioner who was charged as removable in December of 1999 based on his October 21, 1988 guilty plea to one count of lewd or lascivious acts with a child under the age of fourteen. *See Lopez-Castellanos*, 437 F.3d at 850, 852-54. At the time of Lopez-Castellanos's conviction, the list of aggravated felonies under the INA did not include lewd or lascivious acts with a child. *See id.* at 852. Though our case law makes clear that IIRIRA's defining of aggravated felonies applies regardless of the date of commission of the crime, in *Lopez-Castellanos* we answered the question of "whether the substantive immigration consequences of IIRIRA" applied to petitioner[4] under *St. Cyr*'s retroactivity analysis. *See id.* at 852-54. We concluded that Lopez-Castellanos was eligible for cancellation of removal because "[t]o deprive Lopez-Castellanos of eligibility for discretionary relief would produce an impermissibly retroactive effect for aliens who, like Lopez-Castellanos, were eligible for a discretionary waiver at the time of the plea." *Id.* at 853.

**[2]** Our decision in *Lopez-Castellanos* does not, however, supersede the BIA's finding that Becker is ineligible to apply for cancellation of removal. Becker concedes that he is removable as charged based on his December 9, 2004 conviction for possession of drug paraphernalia. *See* INA § 237(a)(2)(B)(i); 8 U.S.C. § 1227(a)(2)(B)(I) (alien convicted of a controlled substance offense). Unlike Lopez-Castellanos, who was charged as removable based solely on his 1988 conviction, Becker has never been charged as removable based on his 1978 aggravated felony conviction.

---

[4]Lopez-Castellanos conceded removability but requested cancellation of removal. *Id.* The IJ denied his motion, finding that he was ineligible for cancellation of removal based on his 1988 aggravated felony conviction and that, in addition, he could not meet his burden of proving good moral character because of the prior aggravated felony conviction. *Id.* The BIA affirmed. *Id.* at 851. On appeal, Lopez-Castellanos sought a waiver of his 1988 conviction under former Immigration and Nationality Act ("INA") § 212(c) which was in force at the time of his 1988 conviction. *Id.* at 852.

Thus, the issue is whether Becker's 1978 conviction for possession of marijuana for sale may be treated as a disqualifying aggravated felony conviction for purposes of his current request for cancellation of removal following his 2004 controlled substance conviction.

[3] When Becker was convicted of possession of marijuana for sale in 1978, § 212(c) allowed a lawful permanent resident with seven years of consecutive residence in the United States to apply for a discretionary waiver of deportation. *See St. Cyr*, 533 U.S. at 295. The IIRIRA, which became effective in April 1997, repealed § 212(c) and replaced it with § 240A. Under § 240A, the Attorney General may cancel removal of an alien who has been a lawful permanent resident for not less than five years, has resided continuously in the United States for seven years after having been admitted, and "has not been convicted of any aggravated felony." INA § 240A(a); 8 U.S.C. § 1229b(a). An alien "who has been granted relief under section 212(c)" is ineligible for cancellation of removal. INA § 240A(c)(6); 8 U.S.C. § 1229b(c)(6). On appeal, Becker argues that he should be allowed to apply for a § 212(c) waiver of deportation concerning his 1978 conviction, as well as, cancellation of removal concerning his 2004 conviction. Under *St. Cyr*, "§ 212(c) relief remains available for aliens whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." 533 U.S. at 326.

[4] Even if Becker qualifies for relief under former § 212(c), he still is not eligible for cancellation of removal and his petition must be denied. This is because "the grant of section 212(c) relief merely waives the finding of deportability rather than the basis of the deportability itself. Therefore, the crimes alleged to be grounds for deportability do not disappear from the alien's record for immigration purposes." *Matter of Balderas*, 20 I&N Dec. 389, 391 (BIA 1991); *see Molina-Amezcua v. INS*, 6 F.3d 646, 647 (9th Cir. 1993) ("A waiver of deportation gives an alien a chance to stay in the

United States despite his misdeed, but it does not expunge the conviction"); *see also Rodriguez-Munoz v. Gonzales*, 419 F.3d 245, 248 (3rd Cir. 2005) (holding that petitioner's 1992 conviction for criminal sale of a controlled substance constituted an aggravated felony for purposes of precluding his application for cancellation of removal, notwithstanding petitioner's eligibility to apply for a waiver of his 1992 conviction under *St. Cyr* and former INA § 212(c)). Even if Becker were able to waive his 1978 conviction under § 212(c), as we found Lopez-Castellanos was eligible to do,[5] it would nonetheless remain an aggravated felony for purposes of precluding his application for cancellation of removal because of his 2004 conviction. *See* 8 U.S.C. § 1229b(a) (The Attorney General may cancel removal only if the lawful permanent resident "has not been convicted of a felony"); *see also Rodriguez-Munoz*, 419 F.3d at 248.[6] Moreover, "[t]he loss of an opportunity to become eligible for discretionary relief [like cancellation of removal] does not rise to the level of impairing a right possessed by a party." *Valencia-Alvarez v. Gonzales*, 469 F.3d 1319, 1328-29 (9th Cir. 2006) (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) (internal footnote omitted)).

**[5]** Accordingly, we hold that Becker is not eligible to apply for cancellation of removal for a lawful permanent resident.

**PETITION FOR REVIEW DENIED.**

---

[5]We did not remand Lopez-Castellanos's case to the BIA because the IJ determined as a second basis for rejecting the application that Lopez-Castellanos's aggravated felony conviction precluded him from demonstrating good moral character, a necessary predicate to relief; and we were bound by that discretionary determination. *Lopez-Castellanos*, 437 F.3d at 854.

[6]Our separately-filed memorandum disposition considers and rejects Becker's argument that his 1978 conviction does not constitute an aggravated felony.