**Philip OSBORNE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–73520.**

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 2007.[*]

Filed March 14, 2007.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jan Joseph Bejar, Esq., San Diego, CA, for Petitioner.

USSD—Office of the U.S. Attorney, District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RYMER, WARDLAW, and SMITH, Circuit Judges.

### MEMORANDUM **

Petitioner Philip Osborne, a native and citizen of England, was convicted in 1991 of possession of methamphetamine for sale and in 2001 of possession of a controlled substance. Based on these convictions, the former Immigration and Naturalization Service sought Osborne's removal. The Immigration Judge found Osborne removable and the Board of Immigration Appeals ("BIA") affirmed the decision. We deny Osborne's petition for review.

■ Even if Osborne were able to waive his 1991 conviction under former INA § 212(c), it would remain an aggravated felony for purposes of precluding his application for cancellation of removal based on his 2001 conviction. *See* 8 U.S.C.

§ 1229b(a)(3); *Becker v. Gonzales*, 473 F.3d 1000, 1004 (9th Cir.2007).

■ *In re Gabryelsky*, 20 I. & N. Dec. 750 (BIA 1993), does not assist Osborne because it concerned different forms of relief under the old INA; regulations expressly permitted those forms of relief to be sought together, *id.* at 754, whereas 8 U.S.C. § 1229b(c)(6) prohibits Osborne from applying for both cancellation of removal and 212(c) relief concurrently. *See Garcia–Jimenez v. Gonzales*, 472 F.3d 679, 681–82 (9th Cir.2007).

■ Nor has Osborne shown that the statute operates in an impermissibly retroactive manner. *Lopez–Castellanos v. Gonzales*, 437 F.3d 848, 850–54 (9th Cir.2006), is of no help because there the alien pled guilty to the removable offense prior to changes in eligibility for relief. Here, as in *Becker*, the *relevant* removable offense occurred after the statutory amendments, in 2001; the added consequences for the 1991 conviction are of no relevance because "[t]he loss of an opportunity to become eligible for discretionary relief [like cancellation of removal] does not rise to the level of impairing a right possessed by a party." *Becker*, 473 F.3d at 1004 (citations omitted).

Based on the foregoing, it is unnecessary for us to determine whether the BIA properly found that Osborne's 2001 conviction qualified as an aggravated felony.

**PETITION DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.