**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JORGE ANAYA-FERNANDEZ, | No. 06-74313 |
| Petitioner, | Agency No. A014-680-851 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2010 [**]

Before:   SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Jorge Anaya-Fernandez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's removal order. We have jurisdiction pursuant to 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

IH/Research

§ 1252. We review de novo constitutional questions and questions of law, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003), and we deny the petition for review.

The agency properly concluded that Anaya-Fernandez is ineligible for § 212(c) relief with respect to his 2001 convictions. *See* 8 C.F.R. § 1212.3(h)(3) ("Section 212(c) relief is not available with respect to convictions arising from plea agreements made on or after April 1, 1997."); *see also United States v. Velasco-Medina*, 305 F.3d 839, 850 (9th Cir. 2002) ("To the extent [an alien] anticipated the continued availability of § 212(c) relief after [1996], his expectations were neither reasonable nor settled under [*INS v. St. Cyr*, 533 U.S. 289 (2001)].").

Anaya-Fernandez's contention that the expanded aggravated felony definition contained in section 321 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") cannot be applied to his pre-IIRIRA convictions is foreclosed. *See Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1054 (9th Cir. 2005) (IIRIRA's amendment of the definition of aggravated felony applies to convictions entered "before, on, or after" IIRIRA's enactment date).

The agency concluded that Anaya-Fernandez's 1976 conviction for sale of a controlled substance in violation of California Health & Safety Code § 11379 was a drug-trafficking aggravated felony under IIRIRA's amended definition. Anaya-Fernandez waived review of this determination by failing to challenge it in his opening brief to this court. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). The agency therefore properly concluded that Anaya-Fernandez is statutorily ineligible for cancellation of removal as an alien who has been "convicted of any aggravated felony," 8 U.S.C. § 1229b(a)(3), because even if Anya-Fernandez were granted a waiver of his 1976 conviction under § 212(c) it would nonetheless remain an aggravated felony for purposes of precluding his application for cancellation of removal, *see Becker v. Gonzales*, 473 F.3d 1000, 1004 (9th Cir. 2007).

Anaya-Fernandez's due process claims are unpersuasive. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a due process violation).

Anaya-Fernandez's remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED.**