**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATHANIEL RORY STEELE, | No. 07-74463 |
| Petitioner, | Agency No. A023-557-240 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Nathaniel Rory Steele, a native and citizen of South Africa, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's removal order.  Our jurisdiction is governed

by 8 U.S.C. § 1252.  We review de novo questions of law, *Hamazaspyan v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Holder*, 590 F.3d 744, 747 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The agency properly found Steele ineligible for cancellation of removal based upon his 1994 conviction for an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). *See* 8 U.S.C. § 1229b(a)(3); *Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir. 2008) (conviction for possession of marijuana for sale is categorically an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B)); *see also Becker v. Gonzales*, 473 F.3d 1000, 1002-04 (9th Cir. 2007) (upholding retroactive application of the expanded "aggravated felony" definition under Illegal Immigration and Immigrant Responsibility Act, Pub. L. No. 104-208, § 321, 110 Stat. 3009 (1996)).

The agency also properly found that Steele could not apply for both cancellation of removal and a waiver under former section 212(c). *See* 8 U.S.C. § 1229b(c)(6); *Becker*, 473 F.3d at 1003.

We lack jurisdiction to review Steele's contentions that his conviction for violating Cal. Penal Code § 475 is not a crime involving moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I), and, alternatively, that it qualifies for the petty offense exception under 8 U.S.C. § 1182(a)(2)(A)(i)(II), because Steele failed to

exhaust these contentions before the agency.  *See Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**