**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| QUOC BAO HUYNH, | No. 10-73817 |
| Petitioner, | Agency No. A042-624-888 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 18, 2012
Honolulu, Hawaii

Before: REINHARDT, THOMAS, and PAEZ, Circuit Judges.

Petitioner Quoc Bao Huynh appeals a decision by the Board of Immigration

Appeals finding him ineligible for cancellation of removal, INA § 240A(a), 8

U.S.C. § 1229b(a) ("LPR cancellation"), and a waiver of inadmissibility under

INA § 212(h), 8 U.S.C. § 1182(h)(B) ("212(h) waiver"), and holding that the

Immigration Judge's (IJ's) failure to grant an extension to permit him to apply for

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

relief under former INA § 212(c) ("212(c) relief") was harmless error. We deny Huynh's petition and affirm the BIA on all counts.

## I.

Aggravated felons are expressly barred from obtaining LPR cancellation. 8 U.S.C. §1229b(a)(3). The parties agree that Huynh's 1995 conviction in California for attempted first degree burglary was not an aggravated felony at the time that he pled guilty to that crime. Moreover, Huynh does not challenge the BIA's determination that his 1995 conviction was subsequently reclassified as an aggravated felony as a result of Congress' enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208 (IIRIRA). Huynh argues that IIRIRA violated his right to substantive due process when it retroactively reclassified him as an aggravated felon and thereby rendered him ineligible for cancellation of removal — a form of relief that was itself created by IIRIRA. We are compelled to reject this argument.

It is well settled that the definition of aggravated felony, as amended by IIRIRA § 321, is retroactive. *Ledezma-Galicia v. Holder*, 636 F.3d 1059, 1079 (9th Cir. 2010). However, "both the Supreme Court and the immigration agencies have consistently determined the temporal reach of [the] *consequences* of aggravated felony convictions separately from the temporal reach of the aggravated

felony definition, even in the wake of IIRIRA." *Id.* (citations omitted). Because retroactive legislation is strongly disfavored, courts must presume, as a matter of constitutional avoidance, that Congress did not intend a particular immigration consequence of an aggravated felony conviction to apply retroactively to aliens who were reclassified as aggravated felons by IIRIRA. *See INS v. St. Cyr*, 533 U.S. 289, 316 (2001). This presumption against retroactivity applies unless either (a) Congress expressly stated its intent for the particular consequence to apply retroactively or (b) retroactive application of the particular consequence is not "impermissibly retroactive" with respect to the alien in question because it does not impair a vested right, create a new obligation, or impose a new duty or disability for past criminal conduct. *See id.* at 316, 320-21; *see also Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1198 (9th Cir. 2006).

Unfortunately for Huynh, this court has already held that it is not impermissibly retroactive to bar lawful permanent residents from applying for cancellation of removal on the basis of a reclassified pre-IIRIRA conviction so long as the alien is also removable on the basis of additional criminal misconduct committed *after* IIRIRA was enacted. *See Becker v. Gonzales*, 473 F.3d 1000, 1004 (9th Cir. 2007). *Becker* therefore resolves this issue because Huynh does not

contest that he is inadmissible as a result of his post-IIRIRA criminal conviction, i.e. his 2001 conviction in a Hawaii state court for burglary.[1]

Finally, because the aggravated felony bar is not impermissibly retroactive under *St. Cyr*'s statutory interpretation test, which is based on principles of constitutional avoidance, it follows *a fortiori* that the retroactive application of the aggravated felony bar does not violate substantive due process by imposing impermissible retroactive effects.[2]

## II.

Section 348(b) of IIRIRA amended INA § 212(h), rendering 212(h) waivers unavailable to aggravated felons. We have previously held that the text of § 348 clearly indicated Congress' intent for this amendment to apply retroactively, thereby barring aggravated felons like Huynh from applying for a 212(h) waiver even though their crimes were not aggravated felonies, and therefore would not

---

[1] At his removal hearing, Huynh conceded that each of his three criminal convictions, including his 2001 conviction, was a crime involving moral turpitude, and that he was inadmissible on the basis of any one of them. We do not consider whether Huynh was correct to make these concessions.

[2] Because we conclude that Huynh is barred from obtaining cancellation of removal as a result of the aggravated felony bar, 8 U.S.C. § 1229b(a)(3), we do not address the question whether the stop-time rule, 8 U.S.C. § 1229b(d)(1), which tolls the seven years of continuous residence necessary for a lawful permanent resident to qualify for cancellation of removal, is impermissibly retroactive as to Huynh.

have barred them from applying for a 212(h) waiver, at the time they pled guilty. *Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1054-55 (9th Cir. 2005). Huynh argues, however, that § 348's retroactive effects violate substantive due process. We reject this argument.

Congress' decision to retroactively render an alien like Huynh ineligible for a 212(h) waiver reflects a rational legislative objective, namely ensuring that the 212(h) aggravated felony bar operates uniformly regardless of when the conviction occurred. *See United States v. Yacoubian*, 24 F.3d 1, 7-8 (9th Cir. 1994). Thus, it does not violate Huynh's substantive due process rights. *Id.* Nor are the retroactive consequences in this case — the loss of the right to apply for a discretionary waiver by an alien who committed an additional criminal act after IIRIRA was enacted — "so harsh and oppressive as to transgress the constitutional limitation" that retroactive legislation have a rational basis. *United States v. Carlton*, 512 U.S. 23, 30 (1994) (internal citation and quotation marks omitted).

### III.

Finally, we agree with the BIA that the IJ erred in concluding that Huynh had not accumulated the seven years of continuous residence necessary to qualify for 212(c) relief. We also agree with the BIA that the IJ's refusal to grant Huynh a continuance to prepare a 212(c) application was harmless error. It is true that

5

212(c) relief can waive an alien's inadmissibility for crimes committed prior to IIRIRA's effective date in 1997. As we explained in *Becker*, however, 212(c) relief merely waives an alien's inadmissibility for pre-IIRIRA criminal misconduct; it does not expunge that conduct from his record.[3] 473 F.3d at 1003-04. Accordingly, being granted 212(c) relief would do Huynh no good; he would remain inadmissible to the United States on the basis of his post-IIRIRA 2001 burglary conviction. For the reasons discussed above Huynh's 1995 conviction for an aggravated felony prevents him from applying for the relief he would need — cancellation of removal or a 212(h) waiver — to waive the 2001 conviction. Therefore, because a 212(c) waiver would not provide Huynh with a way to remain in the United States, the IJ's denial of a continuance to permit Huynh to submit a 212(c) application was harmless error.

\* \* \*

For the foregoing reasons we **DENY** the petition and affirm the BIA's decision.

---

[3] Furthermore, we have held that 8 U.S.C. §1229b(c)(6) completely bars an alien from simultaneously applying for cancellation of removal to waive post-IIRIRA conduct and 212(c) relief to waive pre-IIRIRA conduct. *Garcia-Jimenez v. Gonzales*, 488 F.3d 1082, 1085-86 (9th Cir. 2007).

6