**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ALFREDO RAMIREZ CARRAZCO, AKA Alfredo Ramirez, AKA Alfredo Joe Ramirez, AKA Alfredo Jose Ramirez, AKA Jose Ramirez, | No. 12-70902 |
| Petitioner, | Agency No. A036-898-312 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 14, 2014
San Francisco, California

Before: FARRIS, TASHIMA, and McKEOWN, Circuit Judges.

The Petitioner, Jose Alfredo Ramirez Carrazco, appeals his final order of

removal from the Board of Immigration Appeals. We have jurisdiction under 8

U.S.C. § 1252(a)(2)(D).

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Ramirez was not denied due process when the Immigration Judge failed to order an independent assessment of his mental competence. The BIA's leading case on this issue is *Matter of M-A-M-*, 25 I&N Dec. 474 (BIA 2011), and no plausible reading of *M-A-M-* makes an independent medical evaluation *required* once indicia of incompetency present themselves. Assessment is required, but the form of that assessment is not rigidly specified. *Id.* at 480. Ramirez's argument fails.

The Immigration Judge used Ramirez's § 11359 marijuana conviction, which allegedly took place before the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act, to render him ineligible for cancellation of removal. This was not an impermissible retroactive application of the Act. This argument is foreclosed by *Becker v. Gonzales,* 473 F.3d 1000 (9th Cir. 2007), the relevant facts of which are nearly identical to this case.

The recent Supreme Court case *Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013), does not indicate that the Petitioner's marijuana conviction cannot be an "aggravated felony" under the immigration laws. For *Moncrieffe* to apply, a state statute must punish the distribution of (1) a small amount of marijuana, for (2) no remuneration. *Id.* at 1686. The California statute in contention here punishes "possess[ion] for sale" of any amount of marijuana, and no California cases

suggest that "sale" does not mean remuneration (as a plain reading would indicate). CAL. HEALTH & SAFETY CODE § 11359. The *Moncrieffe* exception does not apply, and § 11359 is categorically an "aggravated felony."

Finally, the Petitioner argues that the Immigration Judge improperly considered certain documents when establishing the Petitioner's identity with respect to the marijuana conviction, thereby violating *Shepard v. United States*, 544 U.S. 13 (2005). In making this argument, Ramirez questioned the reliability and sufficiency of the evidence that the Immigration Judge used to determine that Ramirez committed the offense in question. Ramirez raised this issue to the BIA, but there is nothing in the Board's final opinion showing that it considered the issue. Because this is a factual question that has been entrusted to the Agency by Congress, it is inappropriate for this Court to decide whether Ramirez has met his burden of proving that he has not been convicted of an aggravated felony, and a remand limited to this issue is appropriate. *INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002).

The petition is DENIED with respect to all claims except the identity claim. The matter is REMANDED to the Board of Immigration Appeals for the sole purpose of considering the Petitioner's identity argument.