NOT FOR PUBLICATION

FILED

AUG 12 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOLOMON BELACHEW MENGESHA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-74316 <br><br> Agency No. A029-496-524 <br><br> MEMORANDUM* |
| SOLOMON BELACHEW MENGESHA, AKA Solomon B. Mengesha, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-70664 <br><br> Agency No. A029-496-524 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 14, 2014
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: McKEOWN and M. SMITH, Circuit Judges, and ROBART, District Judge.[**]

Solomon Mengesha petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal of an Immigration Judge's decision finding him removable based on his conviction for a controlled substance violation and denying his applications for asylum, withholding of removal, and cancellation of removal. Mengesha argues that the BIA was not permitted to rely on facts alleged in the charging document to conclude that his predicate conviction related to a federal controlled substance. We deny the petition for review.

Mengesha was convicted under Arizona state law of possession of a narcotic drug. "Count 1" of the criminal information charges that Mengesha "knowingly possessed or used cocaine base, a narcotic drug." The judgment states that Mengesha pleaded guilty to the offense of "Count 1: Possession of Narcotic Drugs." "[W]here . . . the abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count." *Cabantac v. Holder*, 736 F.3d 787, 793–94 (9th Cir. 2013) (per curiam). Because the judgment specifies that Mengesha pleaded guilty to "Count 1," the BIA did not err in

---

[**] The Honorable James L. Robart, District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

considering the facts alleged in "Count 1" of the information to conclude that the substance underlying Mengesha's conviction was cocaine base, a controlled substance under federal law. Therefore, the BIA did not err in determining that Mengesha was removable. *See* 8 U.S.C. § 1227 (a)(2)(B)(i).

To be eligible for cancellation of removal and asylum, Mengesha bears the burden of showing that his prior conviction for attempted rape was not an aggravated felony. *Young v. Holder*, 697 F.3d 976, 989 (9th Cir. 2012); *see* 8 U.S.C. § 1229b(a)(3); *id.* § 1158(b)(2)(A)(ii), (B)(i). A conviction that qualifies as an aggravated felony precludes cancellation of removal and asylum even if that conviction was otherwise waived as a removability ground. *Becker v. Gonzales*, 473 F.3d 1000, 1003–04 (9th Cir. 2007).

Mengesha does not dispute that at least one subsection of the divisible Oregon statute under which he was convicted meets the federal generic definition of rape. *See* O.R.S. § 163.375(a); 8 U.S.C § 1101(a)(43)(A),(U). Nothing in the record of conviction shows that Mengesha was not convicted under this subsection. An inconclusive record, however, is insufficient to satisfy an alien's burden of proof. *Young*, 697 F.3d at 989. Therefore, the BIA did not err in denying Mengesha's applications for cancellation of removal and asylum.

**PETITION DENIED.**

3

*Mengesha v. Holder*, 08-74316+

M. SMITH, Circuit Judge, dissenting:

I respectfully dissent from the majority's denial of the petition for review. Because Mengesha pleaded guilty to the amended charge in the plea agreement, which did not specify a drug, the BIA erred in finding that his 1998 conviction was a violation of a law relating to a controlled substance.

Our case law emphasizes that "[t]he government must prove by clear, unequivocal, and convincing evidence that the facts alleged as grounds of [removability] are true," including the drug underlying the state conviction. *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1076 (9th Cir. 2007) (internal quotation omitted). "[S]peculat[ing] as to the nature of the substance," is "not enough" for the government to meet "its burden of proving that the conduct of which the defendant was convicted constitutes a predicate offense . . . ." *Id.* at 1079.

Generally, "where . . . the abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count." *Cabantac v. Holder*, 736 F.3d 787, 793–94 (9th Cir. 2013) (per curiam). However, we must "consider the charging documents *in conjunction* with the plea agreement, the transcript of a plea proceeding, or the judgment to determine whether the defendant pled guilty to the elements of the generic crime." *United States v. Valdavinos-Torres*, 704 F.3d

679, 687 (9th Cir. 2012) (quoting *Ruiz-Vidal*, 473 F.3d at 1078).

The modified categorical approach specifically focuses on the facts to which the defendant actually pleaded. *See Valdavinos-Torres*, 704 F.3d at 687. Indeed, we have emphasized that "[b]y itself, the [i]nformation contain[s] the elements of the crime the government *set*[*s*] *out to prove*; it [does] not establish the elements to which [a defendant] actually admit[s] in his guilty plea." *United States v. Velasco-Medina*, 305 F.3d 839, 852 (9th Cir. 2002).

Here, Mengesha did not plead guilty to the original charge in the information; rather, he pleaded guilty to the amended charge in the plea agreement. The plea agreement amended the charging document, replacing the reference to possession of cocaine with possession of narcotic drugs. The plea agreement provides: "Plea: The Defendant agrees to plead GUILTY to: COUNT 1: Possession of narcotic drugs, a class 4 felony . . . .," without any reference to cocaine. The plea agreement also states: "This agreement serves to *amend* the complaint or information, *to charge the offense to which the Defendant pleads*, *without the filing of any additional pleading*." (Emphasis added.) And the judgment reflects the language of count 1 from the plea agreement—it states that Mengesha is guilty of "the crime of: OFFENSE: Count I: Possession of Narcotic Drugs," and does not specify cocaine. Accordingly, we may not refer back to the

2

information for the fact that the underlying substance was cocaine, because the information was amended by the plea agreement.

Therefore, the government cannot unequivocally "connect the references" to cocaine in the information with Mengesha's conviction, because the plea agreement amended the information. *Ruiz-Vidal*, 473 F.3d at 1079. Here, as in *Ruiz-Vidal*, the record contains no documents that reveal the facts underlying the plea (i.e., the specific drug to which Mengesha pleaded), because the plea agreement amended the information and removed any reference to cocaine. *See id.* The record thus unequivocally shows only that Mengesha pleaded guilty to possession of narcotic drugs.

Accordingly, the government has not proven by clear, unequivocal, and convincing evidence that Mengesha pleaded guilty to possession of cocaine. The BIA thus erred in finding that Mengesha's 1998 conviction was a violation of a law relating to a controlled substance, and that he was removable.

I respectfully dissent.