MEMORANDUM **
Solomon Mengesha petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal of an Immigration Judge’s decision finding him removable based on his conviction for a controlled substance violation and denying his applications for asylum, withholding of removal, and cancellation of removal. Mengesha argues that the BIA was not permitted to rely on facts alleged in the charging document to conclude that his predicate conviction related to a federal controlled substance. We deny the petition for review.
Mengesha was convicted under Arizona state law of possession of a narcotic drug. “Count 1” of the criminal information charges that Mengesha “knowingly possessed or used cocaine base, a narcotic drug.” The judgment states that Mengesha pleaded guilty to the offense of “Count 1: Possession of Narcotic Drugs.” “[W]here ... the abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count.” Cabantac v. Holder, 736 F.3d 787, 793-94 (9th Cir.2013) (per curiam). Because the judgment specifies that Mengesha pleaded guilty to “Count 1,” the BIA did not err in considering the facts alleged in “Count 1” of the information to conclude that the substance underlying Mengesha’s conviction was cocaine base, a controlled substance under federal law. Therefore, the BIA did not err in determining that Mengesha was removable. See 8 U.S.C. § 1227(a)(2)(B)®.
To be eligible for cancellation of removal and asylum, Mengesha bears the burden of showing that his prior conviction for attempted rape was not an aggravated felony. Young v. Holder, 697 F.3d 976, 989 (9th Cir.2012); see 8 U.S.C. § 1229b(a)(3); id. § 1158(b)(2)(A)(ii), (B)(i). A conviction that qualifies as an aggravated felony precludes cancellation of removal and asylum even if that conviction was otherwise waived as a removability ground. Becker v. Gonzales, 473 F.3d 1000, 1003-04 (9th Cir.2007).
Mengesha does not dispute that at least one subsection of the divisible Oregon statute under which he was convicted meets the federal generic definition of rape. See O.R.S. § 163.375(a); 8 U.S.C § 1101(a)(43)(A),(U). Nothing in the record of conviction shows that Mengesha was not convicted under this subsection. An inconclusive record, however, is insufficient to satisfy an alien’s burden of proof. Young, 697 F.3d at 989. Therefore, the BIA did not err in denying Mengesha’s applications for cancellation of removal and asylum.
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.