**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS EDGAR MOLINA, | No.   15-71625 |
| Petitioner, | Agency No. A035-982-742 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 12, 2017
Pasadena, California

Before:  CLIFTON and FRIEDLAND, Circuit Judges, and DONATO,[**] District
Judge.

Carlos Edgar Molina, a native and citizen of Colombia, petitions for review

of the Board of Immigration Appeals' dismissal of his appeal from an Immigration

Judge's decision denying his applications for relief.  Molina has never disputed and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

he does not now dispute that he was in fact removable on the basis of his 1982 conviction for Lewd Acts Upon a Child Under Fourteen Years of Age in violation of California Penal Code Section 288, which he acknowledges constituted a crime involving moral turpitude under Section 237(a)(2)(A)(i) of the Immigration and Nationality Act (INA). 8 U.S.C. § 1227(a)(2)(A)(i). We have jurisdiction under 8 U.S.C. § 1252 except as to Molina's challenge to the BIA's discretionary denial of relief under former Section 212(c) of the INA, and we deny the petition.

Molina asserts that the BIA erred when it found no reversible error in the Immigration Judge's decision that he was not credible, but this is an illusory argument. The BIA did not rely on the IJ's adverse credibility finding, and to the extent it mentioned Molina's credibility at all, the BIA assumed he was credible for purposes of its decision.

Molina next argues that the BIA erred in finding that he was ineligible for a waiver of inadmissibility under Section 212(h) (and therefore also for an adjustment of status under Section 245(a)), because his 1982 conviction could not properly be considered an "aggravated felony" under the INA. He relies on *Ledezma-Galicia v. Holder*, 636 F.3d 1059 (9th Cir. 2010), for that position, but his reliance is misplaced. While *Ledezma-Galicia* held that an alien could not be rendered removable by reason of a sexual abuse of a minor conviction that occurred prior to November 18, 1988 (the effective date of the Anti-Drug Abuse

2

Act of 1988), 636 F.3d at 1080, it did not speak to whether or not the pre-ADAA offense could still be characterized as an "aggravated felony" for purposes of precluding relief from removability. *Ledezma-Galicia* in fact recognized that the classification of a crime as an aggravated felony is a separate issue from removability for that crime, 636 F.3d at 1065, and it left intact the settled law in our circuit that a conviction that pre-dates November 1988 may nevertheless be considered an "aggravated felony" under current immigration law. *See Lopez-Castellanos v. Gonzales*, 437 F.3d 848, 852 (9th Cir. 2006); *Becker v. Gonzales*, 473 F.3d 1000, 1002 (9th Cir. 2007); *see also Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1054-55 (9th Cir. 2005) (holding that Section 212(h)'s aggravated felony bar applies retroactively). The BIA consequently did not err in finding Molina ineligible for a Section 212(h) waiver (and in turn for an adjustment of status under Section 245(a)) because his 1982 conviction under California Penal Code Section 288 constituted an aggravated felony.

We decline to review for lack of jurisdiction Molina's challenge to the BIA's discretionary denial of relief to him under former Section 212(c) of the INA. *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir. 2007).

We conclude that the BIA's decision to deny deferral of deportation under the Convention Against Torture was amply supported by substantial evidence, as the BIA pointed to "such relevant evidence as reasonable minds might accept as

3

adequate to support it, even if it is possible to reach a contrary result on the basis of the evidence." *Oropeza-Wong v. Gonzales*, 406 F.3d 1135, 1147 (9th Cir. 2005). This evidence included the fact that despite Molina's claim that he was raped by a police officer in Colombia on two occasions when he was 7 (*i.e.*, roughly 65 years ago), he has since returned to the country three times and was not tortured.

**PETITION FOR REVIEW DENIED.**