NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 2 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FELIX HUMBERTO SARAVIA, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.  14-72218 <br><br> Agency No. A070-955-456 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Felix Humberto Saravia, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo

questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We deny the petition for review.

Our jurisdiction to review the BIA's discretionary decision not to reopen proceedings sua sponte is limited to "reviewing the reasoning behind the decisions for legal or constitutional error." *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

The BIA did not err in determining this court's decision in *Ceron v. Holder*, 747 F.3d 773 (9th Cir. 2014) (en banc) does not constitute a material change in law. *Id.* (remanding to the BIA to consider whether conviction under California Penal Code § 245(a)(1) is categorically a crime involving moral turpitude).

Contrary to Saravia's contentions, the BIA did not err in its interpretation of *Ledezma-Galicia v. Holder*, 636 F.3d 1059 (9th Cir. 2010), and determination that it was proper to apply the aggravated felony definition to Saravia's June 1986 conviction for purposes of whether he was statutorily eligible for relief. *See id.* at 1065 (recognizing that the classification of a crime as an aggravated felony is a separate issue from removability for that crime and leaving intact settled circuit law that a conviction prior to November 1988 may be considered an "aggravated felony" under current immigration law); *see also Becker v. Gonzales*, 473 F.3d 1000, 1002-03 (9th Cir. 2007).

Saravia contends he was deprived of the effective assistance of counsel, based upon prior counsel's alleged failure to raise an argument under *Ledezma-*

*Galicia*, 636 F.3d 1059, before the agency, and failure to timely file a petition for review of the BIA's order dismissing his appeal so that it would have been pending when *Ceron*, 747 F.3d 773, was decided. The BIA did not err in determining that Saravia failed to establish prejudice from this alleged ineffective assistance. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826-27 (9th Cir. 2003) (requiring prejudice to state a valid claim of ineffective assistance of counsel, and explaining the presumption of prejudice for failing to file an appeal is rebutted when petitioner does not show plausible grounds for relief).

**PETITION FOR REVIEW DENIED.**