NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BYRON ESTRADA-CHACON, | No. 17-70505 |
| Petitioner, | Agency No. A091-617-775 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019**

Before: McKEOWN, BYBEE, and OWENS, Circuit Judges.

Byron Estrada-Chacon, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying asylum and related relief. Our jurisdiction

is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Ahmed v.*

---

 \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The agency did not err or violate due process in determining that Estrada-Chacon's conviction under California Penal Code ("CPC") § 288(a) in 1988 is an aggravated felony, where the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") includes "sexual abuse of a minor" in the list of aggravated felonies, and the definition of an aggravated felony under IIRIRA applies regardless of the date of the commission of the crime. *See Becker v. Gonzales*, 473 F.3d 1000, 1002 (9th Cir. 2007); *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice."). Accordingly, the agency properly determined Estrada-Chacon is ineligible for asylum. *See* 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i); 8 U.S.C. § 1101(a)(43)(A) ("sexual abuse of a minor" is an aggravated felony); *United States v. Medina-Villa*, 567 F.3d 507, 520 (9th Cir. 2009) (a conviction under CPC § 288(a) constitutes "sexual abuse of a minor").

Estrada-Chacon's contention that CPC § 288(c)(1) is broader than the federal definition of "sexual abuse of a minor" is unavailing, where he was convicted under CPC § 288(a).

We lack jurisdiction to review Estrada-Chacon's unexhausted contention

that his conviction is not a crime involving moral turpitude. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**