**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 20 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GARIK GAMBARYAN,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   16-73312

Agency No. A097-371-451

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 8, 2019
Pasadena, California

Before:  MURGUIA and HURWITZ, Circuit Judges, and ZOUHARY,** District
Judge.

Garik Gambaryan, a citizen of Armenia, petitions for review of a decision of

the Board of Immigration Appeals ("BIA") dismissing his appeal from the order of

an Immigration Judge ("IJ") denying an application for asylum, withholding of

removal, and protection under the Convention Against Torture.   We have

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

jurisdiction under 8 U.S.C. § 1252(a)(1) and grant the petition.

In this pre-REAL ID Act case, an adverse credibility determination must be supported by a specific and cogent reason that goes to the heart of the petitioner's claim. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004). We review only those parts of the IJ's credibility finding that were relied upon by the BIA. *See Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). The adverse credibility finding must be supported by substantial evidence. *See Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007).

1. The BIA and IJ both incorrectly found Gambaryan was not credible because his asylum statement did not assert he was taken to an Armenian internal affairs office and placed on a blacklist. The Government recognizes that error, and now argues Gambaryan instead omitted this information from his testimony before the IJ, rather than from his asylum statement. Our review, however, is confined to the reasoning given by the BIA. *See Becker v. Gonzales*, 473 F.3d 1000, 1001 n.2 (9th Cir. 2007). In any event, Gambaryan did testify to the IJ about this incident. Because the adverse credibility finding rests on an inconsistency that does not exist in the record, it is not supported by substantial evidence. *See Singh v. Gonzales*, 403 F.3d 1081, 1090 (9th Cir. 2005) (granting petition where "[t]he purported inconsistency identified by the IJ [did] not exist, and [did] not support the adverse credibility determination.").

2.     The adverse credibility finding is not supported by Gambaryan's failure to mention in his asylum application an incident in which he and others were arrested, beaten, and tested for sexually transmitted diseases. Gambaryan's asylum application, which was not prepared by an attorney, stated he was not fluent in English. Omissions in an asylum statement "are not given much significance because applicants usually do not speak English and are not represented by counsel." *Kin v. Holder*, 595 F.3d 1050, 1056 (9th Cir. 2010). In addition, Gambaryan's omission did not alter or contradict his account of persecution. Therefore, his failure to include this testimony in his asylum application does not support the adverse credibility finding. *See Lopez-Reyes v. INS*, 79 F.3d 908, 911 (9th Cir. 1996) (holding that petitioner's failure to file an application that was "as complete as might be desired, cannot, without more, serve as a basis for a finding of lack of credibility," and that "[i]t is well settled that an applicant's testimony is not per se lacking in credibility simply because it includes details that are not set forth in the asylum application.") (internal quotation marks omitted).

3.     Gambaryan's declaration stated he was fired from a job in April 2000, but he testified before the IJ that the firing occurred in either February or March of that year. Such small discrepancies in dates that do not bear on the fear of future persecution are "'minor inconsistencies' that cannot form the basis of an adverse credibility finding." *Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir. 2000) (quoting

3

*Vilorio-Lopez v. INS*, 852 F.2d 1137, 1142 (9th Cir. 1988)).

4.     Although Gambaryan initially failed to mention a 2001 walkathon and his subsequent arrest in response to a question by the IJ during his asylum hearing, Gambaryan testified consistently with the asylum statement when reminded of the incident. Gambaryan explained that he originally failed to mention the incident because he did not realize the IJ's question was about his arrest. Neither the BIA nor the IJ addressed this plausible explanation and, therefore, this testimony does not support the adverse credibility finding. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) (citing *Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir. 1998)) (stating that an adverse credibility finding is not supported by substantial evidence when the petitioner's explanation for an alleged discrepancy was not addressed).

**PETITION FOR REVIEW GRANTED; REMANDED.**