NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO JAVIER FLORES MEDINA, AKA Francisco Flores, AKA Javier Flores, AKA Roberto Cenovio Flores, AKA Marco Medina, AKA Slow Moniker<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>　　　　　　Respondent. | No.　19-70678<br><br>Agency No. A077-057-256<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 14, 2021
Pasadena, California

Before:　M. SMITH and IKUTA, Circuit Judges, and STEELE,[**] District Judge.

　　　Petitioner Francisco Javier Flores Medina (Flores) is a transgender citizen of

Mexico who identifies as female.　In her prior petition to this court, Flores appealed

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　　[**]　　The Honorable John E. Steele, United States District Judge for the Middle District of Florida, sitting by designation.

the Board of Immigration Appeals' ("BIA") dismissal of her appeal from the Immigration Judge's ("IJ") decision that she did not qualify for asylum, withholding of removal, or Convention Against Torture ("CAT") protection. We granted the petition in part and remanded to the BIA for further limited proceedings. *Medina v. Sessions*, 734 Fed. App'x. 479 (9th Cir. 2018). As relevant to the current appeal, we found that while the BIA adequately addressed Flores's sexual orientation, the BIA erred in failing to consider separately the effect of Flores's transgender identity as to her claims for asylum, withholding of removal, and CAT protection. *Id.* at 482-83, 484. The case was remanded to the BIA "for the limited purpose of assessing the effect of Flores's transgender identity on her claims for asylum, withholding of removal, and CAT protection . . . ." *Id.* at 484.

On remand, the BIA considered the same record as had been previously submitted, affirmed the IJ's order, and dismissed Flores's appeal. The BIA held that Flores's 2014 arson conviction was a particularly serious crime that rendered her statutorily ineligible for asylum or withholding of removal eligibility. Alternatively, assuming her eligibility, the BIA concluded that Flores failed to establish the merits of her claims for asylum, withholding of removal, or CAT protection.

Flores is now before the court on a petition to review the decision of the BIA on remand. Flores challenges the BIA decision only as to its denial of CAT protection, while not appealing the BIA's decision as to her asylum and withholding

of removal claims.

This Court has jurisdiction pursuant to 8 U.S.C. § 1252(a) to review the BIA's denial of a claim for CAT protection. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1078 (9th Cir. 2015). "We review for substantial evidence the factual findings underlying the BIA's determination that an applicant is not eligible for CAT protection." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Because the BIA adopted the reasoning of the IJ, we review the decision of both the IJ and the BIA. *Becker v. Gonzales*, 473 F.3d 1000, 1001 n.2 (9th Cir. 2007). With the benefit of oral argument, we **DENY** the petition for review.

The BIA separately considered the effect of Flores's transgender identity on the likelihood that she would be tortured in Mexico based on that identity, and affirmed the IJ's decision to deny CAT protection. The BIA decided that although the record established that some transgender individuals have experienced violence in Mexico, Flores had not shown that such violence is so common throughout Mexico that it is more likely than not that she will personally experience it.

On appeal Flores asserts both procedural and substantive deficiencies by the BIA. Flores argues that the BIA failed to consider all the relevant evidence, thereby creating procedural infirmities, and that its findings were not supported by substantial evidence. Flores asks the court to grant her petition and remand to the BIA with instructions to grant her CAT claim, or alternatively to remand to the BIA

to comprehensively address her country conditions evidence.

Our review of the record shows that there are neither procedural nor substantive errors by the BIA. The BIA considered the record evidence concerning Flores's transgender identity separately, as directed by this court, and substantial evidence supports the denial of CAT protection. The BIA's determination that it was not more likely than not that Flores would experience future torture based on her transgender status was supported by substantial evidence. We previously concluded that Flores did not suffer past torture, *Medina*, 743 Fed. App'x. at 484, and that is the law of the case, *see Musacchio v. United States*, 577 U.S. 237, 244-45 (2016). This ruling as to a lack of past torture distinguishes Flores's circumstances from those in *Avendano-Hernandez*, where the petitioner suffered torture at the hands of a Mexican military official, a conclusion that "[t]he IJ and BIA d[id] not appear to question." 800 F.3d at 1079. Without evidence of past torture, Flores must rely on country conditions evidence. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051-52 (9th Cir. 2008); 8 C.F.R. § 1208.16(c)(3). The country conditions evidence alone is not enough in this case because it is not sufficiently particularized to compel the conclusion that Flores would more likely than not be the subject of torture should she return to Mexico. *See Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018).

**PETITION DENIED.**